Eric BRYAN, a minor, by his mother and next friend, Delores Jean Bryan, and Dolores Jean Bryan, Appellants,

v.

Matt BEAR, Appellee.

Court of Appeals of Kentucky.

Sept. 9, 1977.

Discretionary Review Denied Feb. 13, 1978.

Stanley R. Hogg, Creech, Hogg & Williams, Ashland, for appellants.

Charles M. Daniels, Greenup, for appellee.

Before HOGGE, HOWARD and LESTER, JJ.

LESTER, Judge.

The trial court sustained appellee's motion for summary judgment and although not required to do so, CR 52.01, the court made findings of fact and conclusions of law.

On July 15, 1971, Walter Bear, a youth under the age of eighteen, had a one day job assisting his neighbor, Robert Logan, in digging a ditch, and during the course of the work, it became necessary for Walter to go to his home to get a shovel. The young man took Logan's truck and in performing the errand, he struck and injured appellant, Eric Bryan. The record discloses that Logan has liability insurance on his vehicle and that the appellee, as father of Walter, had signed the application for his son's driver's license pursuant to KRS 186.470. Appellants filed their complaint against Walter Bear, Logan and appellee with Matt being made a party defendant under the allegation that he was jointly and severally liable along with his son under the provisions of KRS 186.590(1). Matt denied the allegations. Logan's insurance carrier, on behalf of their insured and Walter, settled with plaintiffs but said agreement, as approved by the court, reserved all claims as against Matt. Depositions were taken wherein we learn, among other facts, that both Logan and the elder Bear carried insurance on their respective vehicles. Appellee then filed motion for summary judgment and as a basis therefore, recites KRS 186.590(2) which states:

(2) If a minor deposits or there is deposited in his behalf, a proof of financial

responsibility in form and amounts required by KRS Chapter 187, the person who signed the application shall not, while such proof is maintained, be subject to the liability imposed by subsection (1). If the minor is the owner of a motor vehicle, the proof of financial responsibility shall be with respect to the operation of that motor vehicle; if not an owner, then with respect to the operation of any motor vehicle.

Argument was heard upon the motion resulting in its being sustained but the record does not contain what points were made before the court below.

 Compliance with the statute recited above is accomplished by filing with the appropriate agency a form designated as SR 21 which has the effect of relieving the party who signed the minor's application for an operator's license from liability as provided by subsection one of the statute. We do not believe that the major purpose of the statute is the filing of a form but rather the acquisition and maintenance of a policy of insurance covering the minor at all times while operating a motor vehicle. What matters is the ability to respond in damages for liability and notice of that ability is a secondary consideration. Appellants contend that the failure of appellee to place in the record a copy of the SR 21 would have the effect of prohibiting the circuit court from granting summary judgment to defendant below thus causing Matt to be liable for Walter's damages. As noted above, we do not have the benefit of the arguments to the trial court but Judge Sammons made very definite findings of fact on this matter upon which he based his conclusion of law which we quote in their entirety:

I

 That the Defendant, Matt Bear, signed the Application of the Defendant, Walter Bear, to obtain a license to operate a motor vehicle pursuant to KRS 486.470[186.470] prior to July 15, 1971, the date of the automobile accident alleged in the Plaintiff's Complaint, and that at the time of said collision, said Walter Bear was operating a motor vehicle, which was the property of the Defendant, Robert Logan, upon which there was liability insurance, and that a SR 21 has been filed by Kentucky Farm Bureau Insurance Company on behalf of said Walter Bear under the Policy of the said Robert Logan.

No genuine issue exists as to any material facts concerning this question.

CONCLUSION OF LAW

That the Defendant, Matt Bear, is not subject to the liability imposed by Subsec-. tion 1, KRS 186.590, since proof of financial responsibility required by KRS Chapter 187 was filed on behalf of Walter Bear by Kentucky Farm Bureau Insurance Company, liability carrier of Robert Logan.

Appellants urge that proof of financial responsibility must be deposited prior to any accident in order to relieve the signer of the application but proof of financial responsibility means proof of ability to respond in damages for liability and in the present case, what better proof could be had than the fact that Walter did respond in damages. We think the only reasonable interpretation of the language "on account of accidents, occurring, subsequent to the effective date of said proof" contained in KRS 187.290(10) to mean the effective date of the insurance policy and not the date some form may have been filed. Moreover, KRS 186.590(2) does not make it mandatory that the person signing the license application file proof of responsibility for it says "(i)f a minor deposits or *there is deposited in his behalf* . . ." which we do not translate into requiring the party signatory as being required to make the deposit even though that act relieves him or her of liability.

Even though the Greenup Circuit Court was not required to make findings of fact and conclusions of law when motion was made pursuant to CR 56.02, nevertheless, it did after the submission of depositions and oral argument. In such a situation, we are not constrained by the "clearly erroneous"

test set forth in CR 52.01 but we can see no reason to disturb the conclusions reached especially in light of what we have said in this opinion.

We are not unsympathetic with the injuries sustained by Eric Bryan but we do not believe that the theories of law presented permit recovery from the insurance carriers of both Logan and Bear.

The judgment of the Greenup Circuit Court is affirmed.

All concur.