**356**

Jacqueline R. BEARDON, Appellant,

v.

Christopher M. DERRY, Carol Derry, Edward F. Derry, and Thomas J. Mistler, Appellees.

Court of Appeals of Kentucky.

Feb. 11, 1983.

Richard R. Slukich, Covington, for appellant.

Kurt Phillips, Larry C. West, G. Wayne Bridges, Covington, for appellees.

Before HAYES, C.J., and HOWARD and LESTER, JJ.

HAYES, Chief Judge:

Appeal is taken from an order of the Kenton Circuit Court dismissing appellant's complaint as to one of the named defendants, Edward F. Derry. The case arises out of a collision between a moped and an automobile at an intersection in a residential section of northern Kentucky. The appellee, Christopher Derry, was driving the car which collided with the moped.

Edward F. Derry is Christopher's father but Christopher has been in his mother's custody and control since his parents' divorce in 1977. On the night of the incident Christopher was driving his mother's 1975 Oldsmobile which had been awarded her under the terms of the Derrys' separation agreement. Mrs. Derry was solely responsible for maintenance and insurance on the automobile and she maintained the registration slip and re-registered the car each year. Edward Derry's name, however, remained on the registration slip because the Derrys' had not transferred title.

On Christopher's sixteenth birthday in January, 1980, Edward signed Christopher's application for an operator's license but at no time did he provide his son with an automobile. It was primarily Mrs. Derry's decision as to when and under what conditions Christopher would be permitted to drive. At the time of the accident, Christopher was covered under his mother's policy of insurance which provided $100,000/$300,000 of liability coverage.

Edward Derry moved to dismiss the action against him on the ground that there was no basis for imputation of liability against him. The trial judge treated the motion as one for summary judgment, granting Derry's motion approximately nine months after the complaint was filed.

In her appeal to this court, appellant asserts that the trial court erred in dismissing her claim as to Edward Derry. It is her contention that Edward Derry is liable to her by reason of KRS 186.470 and KRS 186.590. These statutes impute the negligence of a minor to other persons under certain circumstances.

KRS 186.470 places responsibility upon parents who sign a minor's application for an operator's license for the obligations imposed by KRS 186.590. The latter statute provides:

(1) Any negligence of a minor under the age of eighteen (18) who has been licensed upon an application signed as provided by KRS 186.470, when driving any motor vehicle upon a highway, shall be imputed to the person who signed the application of the minor for the license. That person shall be jointly and severally liable with the minor for any damages caused by the negligence.

(2) If a minor deposits or there is deposited in his behalf, a proof of financial responsibility in form and amounts required by KRS chapter 187, the person who signed the application shall not, while such proof is maintained, be subject to the liability imposed by subsection (1). If the minor is the owner of a motor vehicle, the proof of financial responsibility shall be with respect to the operation of that motor vehicle; if not an owner, then with respect to the operation of any motor vehicle.

(3) Every motor vehicle owner who causes or knowingly permits a minor under the age of eighteen (18) to drive the vehicle upon a highway, and any person who gives or furnishes a motor vehicle to the minor shall be jointly and severally liable with the minor for damage caused

by the negligence of the minor in driving the vehicle.

■ We are convinced that the trial judge correctly concluded that the case should be dismissed as to Edward Derry. First, the liability imposed by subsection (1) of KRS 186.590 may be extinguished by compliance with subsection (2) of the statute. That section requires proof of the financial responsibility of the minor to be furnished. The trial judge specifically determined that this requirement had been satisfied as it had been shown that Christopher Derry is covered by insurance and has the ability to respond in damages.

Appellant complains that this finding is erroneous because no "SR 21" form has been filed with the appropriate agency. We believe the case of *Bryan v. Bear*, Ky. App., 560 S.W.2d 827 (1977), is dispositive of this issue. In *Bryan*, the court held that the major purpose of the statute was not the filing of the form but to insure that the minor had the ability to respond in damages. Notice of that ability is a "secondary consideration". As proof of Christopher's ability to respond in damages was supplied to the trial judge, we find no error in his determination that the requirements of KRS 186.590(2) had been met.

■ Appellant also argues that KRS 186.590(3) presents two distinct situations under which the negligence of a minor may be imputed to a person:

(1) Every motor vehicle owner who causes or knowingly permits a minor to drive and

(2) any person who gives or furnishes a motor vehicle to a minor.

Appellant insists that under each of these theories negligence may be imputed to Edward Derry. We do not agree.

The trial court resolved the issue of ownership adversely to appellant. He found that despite the fact that paper title was in Edward Derry's name, Carol Derry was the owner of the vehicle involved in the acci-

dent and had been the owner since the parties' divorce. We see no error in this conclusion. *See Motors Insurance Corporation v. Safeco Insurance Company,* Ky., 412 S.W.2d 584 (1967).

Finally, we fail to comprehend appellant's argument that Edward Derry is a "person" who gave or furnished Christopher an automobile to drive. The automobile which Christopher was driving was his mother's. Edward Derry was in no position to furnish that car to Christopher nor is there any indication he furnished the boy with any other vehicle.

In our opinion the judgment dismissing the complaint as to Edward Derry is proper and it is therefore affirmed.

All concur.