George C. CAMPBELL et al., Appellants,

v.

STATE FARM INSURANCE COMPANY, Appellee.

Court of Appeals of Kentucky.

Feb. 3, 1961.

Rehearing Denied June 23, 1961.

Duff Arnett, Hazard, for appellants.

Alva A. Hollon, Hazard, for appellee.

MILLIKEN, Judge.

This is an appeal from a judgment refusing to hold the State Farm Insurance Company liable on one of its automobile accident policies.

The action sought to collect from the insurer an $18,067.40 judgment assessed against one impecunious Kenneth Kelly who was driving an automobile allegedly owned

by one Ova Gray who was not in the car at the time of the accident. Gray was the named insured and the present action is based on the theory that Kelly was Gray's agent or permittee at the time of the accident and hence was an additional insured, or else Gray is responsible under KRS 186.-590(3) for permitting a minor under the age of eighteen to drive the vehicle on a public highway.

While paper title was still in Gray, the evidence is uncontradicted that Gray had sold the car (which had not been operated for weeks because of a burned out generator) for $100 to one Layomon Dunn some weeks before the accident and had merely held the paper title until the $25 balance due on the sales price had been paid, and Dunn in turn had sold it to one George Singleton, a nonresident, for $150. Dunn testified that Gray and he had gone to the home of a notary public to get the bill of sale acknowledged, but that the notary was not in. Only Singleton and Kelly were in the car at the time of the accident.

It is perfectly clear, as the court found, that no ordinary agency relationship existed between Gray and Kelly who did not know one another until after the accident when a suit was brought against them jointly. The present judgment was obtained against Kelly, and Gray was absolved of liability by a directed verdict on the theory no agency relationship was established between Gray and Kelly.

It is our conclusion as a matter of law that Gray did not own the car at the time of the accident despite the fact that paper title was still in his name. The failure to register the transfer of the title does not avoid a sale under our statutes. KRS 186.-190, 189.200, as construed in Moore v. Wilson, 230 Ky. 49, 18 S.W.2d 873. Consequently, we are not faced with deciding whether Kelly was a permittee of Gray's at the time of the accident so as to bring him within the omnibus clause of the policy or to invoke the operation of KRS 186.590(3) which imposes liability on an owner of a motor vehicle who "knowingly permits a minor under the age of eighteen to drive the vehicle upon a highway * * *." We concur in the conclusion of the trial court that Kenneth Kelly was driving the car at the time of the accident "without the knowledge or implied consent" of Ova Gray.

The judgment is affirmed.