MOTORS INSURANCE CORPORATION,
Appellant,

v.

SAFECO INSURANCE COMPANY OF
AMERICA, James C. Grugin, Scott Olds-
mobile, Incorporated, Appellees.

Court of Appeals of Kentucky.

March 10, 1967.

Freeman B. Blackwell, Louisville, for appellant.

James P. Hanratty, W. E. Rogers, III, Hopkinsville, for appellees.

CULLEN, Commissioner.

A motion for appeal previously having been sustained, we have before us the appeal of Motors Insurance Corporation from a judgment holding it liable to the appellees Scott Oldsmobile, Incorporated, and James C. Grugin in the amount of $1277 (less certain credits) under a collision insurance policy. The policy was issued to Scott Oldsmobile covering automobiles "owned" and "held for sale" by it. Motors Insurance Corporation maintains that the automobile in question, the damages to which furnish the basis of the claim under the policy, had been sold and delivered to appellee Grugin before it was damaged (in an accident which occurred when Grugin's son was driving the car), and therefore the automobile was not "owned" or "held for sale" by Scott Oldsmobile at the time the damage occurred.

Grugin's son smashed up the car on a Friday night. Earlier in the day Grugin and Scott Oldsmobile had agreed on a "trade," and each testified that it was understood that the trade was final and firm. Grugin turned over his old car to Scott, and Scott gave Grugin unqualified and unconditional possession of the new car. All that remained was for title papers to be processed and for Grugin to return the next day with a check for the cash due on the trade. After the accident Grugin did pay the cash and the sale and title papers were fully executed and delivered.

Grugin and Scott are in full agreement that the car was "sold" to Grugin on the day of the accident. However, Grugin's personal insurer, the appellee Safeco Insurance Company, denied coverage on the ground that "ownership" had not passed to Grugin and therefore Motors Insurance Corporation, as Scott's insurer, was liable. The instant lawsuit was brought to determine which of the two companies was liable. The circuit court adjudged that the automobile was "still owned" by Scott "despite any oral negotiations."

We think the judgment is clearly erroneous. There had been a physical delivery of the automobile to Grugin as a purchaser. Under the Uniform Commercial Code, KRS 355.2–401, title passed at the time and place of such delivery. Also under the Code, KRS 355.2–201, it is provided that it is not necessary that a contract of sale be in writing in order to be enforceable with respect to goods "which have been received and accepted."

The fact that the title *papers* had not been delivered did not require that Scott still be considered the "owner" within the meaning of the insurance policy. See Campbell v. State Farm Insurance Co., Ky., 346 S.W.2d 775; Siler v. Williford, Ky., 350 S.W.2d 704.

Safeco maintains that Rash v. North British & Mercantile Ins. Co., Ky., 246 S.W.2d 990, is controlling. We think not.

There the automobile was not delivered to the customer as a purchaser or with any intent to pass title; the customer simply was permitted to use the automobile temporarily, as a bailee, for the purpose of trying to find a source of funds which would put him in shape to become a purchaser.

If, as between Scott and Grugin, ownership had passed and an effective sale had been accomplished, obviously the automobile was not thereafter "owned" or "held for sale" by Scott within the meaning of the Motors Insurance policy. The policy does not undertake to determine what constitutes ownership; necessarily that must be determined by the law of sales.

The judgment is reversed as it relates to Motors Insurance Company with directions to enter judgment dismissing the claims against Motors Insurance Company.

All concur.