**Dave HICKS, Ruby Hicks, Admrx., Etc., Appellants,**

v.

**KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, Appellees.**

Court of Appeals of Kentucky.

May 29, 1970.

———◆———

Charles A. Williams & Associates, Paducah, Farland Robbins, Mayfield, for appellants Hicks.

Nat Ryan Hughes, Hughes & Gregory, Murray, for appellant Jones.

A. E. Boyd, Jr., Boyd & Boyd, Paducah, L. M. Tipton Reed, Martin, Neely & Reed, Mayfield, for appellee.

REED, Judge.

In this appeal the sole question is whether insurance coverage issued to the seller of an automobile as its owner covered the buyer where a claim subjecting the buyer to liability was made after the purchase price had been paid and the automobile delivered but before a bill of sale was executed or filed.

C. W. Jones who was insured as the owner of an automobile under a public liability insurance policy issued by the appellee, Kentucky Farm Bureau Mutual Insurance Company, sold the automobile on March 11, 1964, to Ruby Hicks, one of the appellants. The consideration for the sale was paid to Jones; since the sale of the automobile was consummated after the closing of the county clerk's office, it was agreed that Jones would execute a bill of sale and the automobile would be transferred to Ruby Hicks' name the following morning. The automobile was delivered to Ruby Hicks and accepted by her. Later the same day, Harold Hicks, the son of Ruby Hicks, undertook to drive the car; his brother, Dave Hicks, another appellant herein, rode with him as a passenger. The vehicle left the road, Harold was killed and Dave suffered extensive injuries including the loss of a leg. Dave brought suit against his mother Ruby Hicks, as administratrix of the estate of the deceased driver and against her individually. The appellee insurance company was called upon to defend under the policy. It refused to do so. Default judgment was entered on Dave's claim and this action was brought by the insurance company to determine whether coverage did exist under the policy. The trial court decided that under the facts coverage did not exist. We agree.

Appellants argue that under the Financial Responsibility Law of Kentucky, the owner of a motor vehicle having legal title to it is the person in whose name the vehicle is registered. They rely upon the decision in Tharp v. Security Insurance Company of New Haven, Ky., 405 S.W.2d 760 (1966). That case, however, dealt with assigned risk coverage—not voluntary insurance. The issue there concerned the significance of the filing of an "operator's" insurance policy for a driver whose right to drive

had been suspended pending proof of financial responsibility. We are not concerned with that problem in this case.

KRS 187.290(9) defines "owner" to be a person who holds the legal title of a motor vehicle in those instances not involving a conditional sale or lease with the right of repurchase of the vehicle. Hence, in this case, the controlling issue is who held legal title to the motor vehicle at the time of the accident—who was the owner of the automobile?

Appellants rely upon two foreign decisions: Garlick v. McFarland, 159 Ohio St. 539, 113 N.E.2d 92 (1953), and Nationwide Insurance Company v. Storm, 200 Va. 526, 106 S.E.2d 588 (1959). The Virginia case followed the Ohio case in holding that the party who retained the certificate of title to the vehicle had legal title at the time of the accident and policy coverage extended to a party driving with his permission under the terms of the policy. Both Virginia and Ohio are so-called "title" states and by specific statutory enactment do not regard the sale of a motor vehicle as consummated until the certificate of title is properly transferred and delivered to the purchaser. Until this event takes place, the seller is regarded as in possession of legal title to the vehicle.

Although KRS 186.200 requires a bill of sale, the original and two copies of which must be delivered to the county clerk, we have consistently held that ownership of a motor vehicle must be determined by the law of sales. The fact that title papers have not been delivered does not require that the seller still be considered the "owner" within the meaning of the insurance policy with which we are here concerned. KRS 355.-2–401 provides that in this instance title to the automobile passed at the time and place of the delivery of the vehicle by Jones to Ruby Hicks. So far as the applicability of KRS 186.200 is concerned, KRS 355.2–201(c) declares that it is not necessary that a contract of sale be in writing in order to be enforceable "with respect to goods * * *

which have been received and accepted." Repeated attempts to secure legislative enactment of a certificate of title law applicable to the sale and transfer of motor vehicles in Kentucky have been unsuccessful. We continue to adhere to the law of sales as now embodied in the Uniform Commercial Code in the form enacted in this state.

Therefore, since the purchase price was paid, the automobile was delivered and accepted by the buyer, and the entire transaction occurred in this state between residents thereof, Ruby Hicks was the owner of and the person possessing legal title to the motor vehicle at the time of the accident and C. W. Jones was not the "owner" of the automobile within the meaning of his insurance coverage. Hence, the coverage by virtue of Jones' policy did not extend to Ruby Hicks. Actually, we regard Motors Insurance Corporation v. Safeco Insurance Company of America, Ky., 412 S.W.2d 584 (1967), as dispositive of the problems presented.

The judgment is affirmed.

All concur.