**RED BIRD MOTORS, INC. and Ronald J. Lang, Appellants,**

v.

**Edward ENDSLEY and J. Phillip Griffin, Jr., Appellees.**

Court of Appeals of Kentucky.

Oct. 14, 1983.

Joseph J. Golden, Golden & Cantor, Louisville, for appellants.

J. Phillip Griffin, Jr., Louisville, for appellees.

Before DUNN, HOWARD and HOWERTON, JJ.

HOWERTON, Judge.

Red Bird Motors, Inc., and Lang appeal from a jury verdict and judgment in the Jefferson Circuit Court awarding $2,000.00 in damages to Endsley and an attorney fee of $1,176.50 to Griffin. The action was brought by Endsley for breach of contract and consumer fraud. The appellants argue that Endsley failed to prove damages by reason of their failure to timely provide automobile registration papers and that Endsley failed to present any evidence of consumer fraud to support an award of damages or an attorney fee. We decide those two allegations in favor of the appellants, and we find no necessity for discussion of a third argument to the effect that the trial court erred by piercing the corporate veil and allowing a personal judgment against Lang.

Endsley purchased a 1974 Oldsmobile from Red Bird Motors, Inc., through its president and sole stockholder, Ronald Lang, on January 2, 1981. The total purchase price was $1,725.75, including interest on an unpaid balance. Endsley made a down payment at the time of the purchase and agreed to make payments of $30.00 per week on the unpaid balance. Endsley purchased the car "as-is." The registration documentation was not transferred to Endsley until November. The vehicle was finally repossessed for delinquent payments in December 1981. At that time, Endsley refused to pay the remaining amount of $250.00.

Endsley filed suit against Red Bird Motors and Lang claiming damages for violation of KRS 186.076 and breach of contract, because the appellants failed to transfer title to the car to him within 10 days after he purchased it. Endsley also claimed damages for consumer fraud. The appellants moved for a judgment on the pleadings prior to trial and they moved for a directed verdict during trial, but both motions were denied.

KRS 186.076 was the basis for Endsley's claim. It is entitled "Revocation of License for Failure to Transfer Registration." It reads:

The department of transportation may revoke the license of any motor vehicle dealer who acquires a used motor vehicle for cash, trade-in, or in any other manner, and fails to have the registration transferred to him prior to the time the vehicle is sold or otherwise transferred to another person, or within ten (10) days after acquired, whichever may be sooner. Such person shall be afforded a full opportunity to defend himself against any such charge under rules and regulations adopted by the department of transportation governing the procedure for such revocation action. Provided, however, that such dealer shall have the right to appeal any order of revocation entered by the department of transportation to the Kentucky board of tax appeals as provided by law.

The statute provides a basis for a possible sanction to be imposed by the Department of Transportation against an automobile dealer. It requires the dealer to title a vehicle in the name of the dealership within 10 days after acquiring the vehicle in any manner or before selling the vehicle to another party, whichever occurs first. There is no evidence that the appellants failed to comply with the requirements of this statute. They clearly failed to transfer title to Endsley, but that is not a requirement of this statute. We must conclude that Endsley and the trial court erroneously interpreted and relied upon KRS 186.076.

Endsley failed to file a sufficient pleading or prove his allegation of consumer fraud. A violation of KRS 186.076 is not in and of itself consumer fraud. The complaint alleged:

4. In violation of KRS 186.076, and in breach of the contract between the parties, the defendants failed to transfer the title of the automobile to the plaintiff.

The fact is that the title was ultimately transferred, although it was inadvertently delayed for 11 months. In order to recover for consumer fraud, however, additional proof would be required of fraud and damage.

■ Endsley's allegation also served as the basis for the court's first instruction to the jury. It reads:

It was the duty of the defendants to transfer the registration of the automobile sold to the plaintiff within 10 days of the date of sale. If you believe from the evidence that the defendants violated this duty you shall find for the plaintiff in a sum not to exceed $1,500.00, as you believe constituted the damages he suffered as a result of said failure.

The instruction is clearly erroneous because the statute, which was the basis of the complaint and the instruction, does not require a transfer of registration from the dealer to the purchaser within 10 days of the date of sale. Furthermore, Kentucky's courts provide that the failure to transfer a vehicle registration does not void the sale under KRS 186.190 and 186.200. *Motors Ins. Corp. v. Safeco Ins. Co. of America,* Ky., 412 S.W.2d 584 (1967).

■ KRS 367.170(1) provides that "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Subsection (2) further provides, "[f]or the purposes of this section, unfair shall be construed to mean unconscionable." The sole basis for Endsley's claim of consumer fraud is that the appellants failed to timely transfer title to him and later seized the vehicle. The court instructed the jury concerning the appellants' duty to conduct their business in a fair manner, and allowed the jurors to award an additional sum not exceeding $1,500.00 if they believed the duty was breached and that Endsley was damaged as a result of the violation. Since the only violation alleged or proven was the failure to transfer the registration papers within 10 days of the sale, and no specific damage was proven, this portion of the verdict and judgment cannot stand.

■ The appellants moved for a judgment on the pleadings because the complaint and the allegations of consumer fraud were not specifically pled pursuant to CR 9.02. The complaint was insufficient, and the trial court should have granted the motion for a judgment on the pleadings. The proof at trial failed to specify any actionable fraud or damages, and it was error for the trial court to deny the motion for a directed verdict. Endsley failed to allege or establish any other wrongful conduct by the appellants.

The judgment of the trial court awarding $2,000.00 to Endsley and $1,176.50 to his attorney is reversed.

All concur.