Stephanie COWLES, Appellant,

v.

Gerald ROGERS; Rogers Motors Company; and New Hampshire Insurance Company, Appellees.

No. 87–CA–2277–DG.

Court of Appeals of Kentucky.

Nov. 23, 1988.

Rehearing Denied Jan. 9, 1989.

Robert B. Wade, Morgantown, for appellant.

Steven O. Thornton, Elizabeth Y. Downing, Bowling Green, for appellees.

Before HOWERTON, C.J., and GUDGEL and WILHOIT, JJ.

GUDGEL, Judge:

This case is before us on discretionary review from an order entered by the Butler Circuit Court affirming a summary judgment granted by the Butler District Court. Appellant contends that the court erred by finding that the driver of an automobile involved in a collision was not insured within the meaning of an omnibus clause of a liability insurance policy issued by appellee New Hampshire Insurance Company. We disagree. Hence, we affirm.

On August 9, 1984, appellant was involved in a collision with a vehicle driven by one Randall D. Evans. Title to the vehicle Evans was operating was held by appellee Gerald Rogers, owner and proprietor of Rogers Motors. Evans purchased the vehicle from Rogers on August 2, 1984, but pursuant to an oral agreement, title to the vehicle was not to be transferred to Evans until he paid the $62 balance owed on the purchase price. At the time of the collision with appellant's vehicle, Evans was uninsured. However, Rogers had a garageman's liability insurance policy on the vehicle which was in full force and effect. This policy included an omnibus clause which provided coverage for vehicles owned by Rogers and being operated with his permission by another person.

Initially, appellant filed an action for damages against Evans and subsequently obtained a judgment. After the execution issued on that judgment was returned unsatisfied, appellant instituted a new proceeding seeking an adjudication that Rogers' insurer was liable for the amount of the judgment. Eventually, the district court rendered a summary judgment on the issue of coverage in favor of Rogers' insurer. On appeal to the circuit court, the district court's judgment was affirmed. We granted appellant's subsequent motion for discretionary review.

■ The initial issue we must address in this appeal is whether the legislature, by enacting KRS Chapter 186A, the automated motor vehicle registration and titling system, intended to prevent the absolute sale of an automobile from becoming legally effective until such time as the seller executes and delivers a certificate of title for the vehicle to the buyer. Appellant argues that this was the legislature's intent and that since Rogers did not deliver a certificate of title for the vehicle he sold before permitting Evans to drive it, Evans must be deemed an insured under the omnibus clause of Rogers' insurance policy.

In response, appellee insurer argues, citing *Lexington Mack, Inc. v. Miller*, Ky.,

555 S.W.2d 249 (1977), *Hicks v. Kentucky Farm Bureau Mutual Insurance Company*, Ky., 455 S.W.2d 52 (1970), and *Motors Insurance Corporation v. Safeco Insurance Company of America*, Ky., 412 S.W. 2d 584 (1967), that this jurisdiction adheres to the view that a sale of an automobile is complete for purposes of insurance coverage at the time the vehicle is delivered to the buyer regardless of whether it is agreed that title for the vehicle will not be immediately transferred. Indeed, the *Motors Insurance Corporation* case is factually indistinguishable from the instant action. There a dealer sold a vehicle pursuant to a conditional sales contract whereby the buyer was given immediate possession of the vehicle with the title papers to the vehicle to be transferred after the purchase price was paid in full. The buyer subsequently was involved in a collision, and a dispute arose as to whether the dealer's insurer or the buyer's insurer was liable for the loss. The court held that the buyer's insurer was liable because, pursuant to the Uniform Commercial Code provisions governing sales, title to the vehicle passed at the time and place of delivery to the buyer even though title papers were to be delivered later. The latter fact, the court concluded, did not require the dealer to be considered an owner within the meaning of its insurance policy because that issue was required to be determined by the general law of sales.

Three years later, the court addressed a similar title issue in *Hicks*. In that case, the vehicle had been delivered to the buyer and the purchase price paid in full before the loss occurred. However, the bill of sale for the vehicle had not yet been executed or filed. The court held, following the *Motors Insurance Corporation* decision, that the seller was not the owner of the vehicle within the meaning of the seller's insurance policy. In distinguishing two foreign decisions cited by the buyer, the court stated:

> Both Virginia and Ohio are so-called "title" states and by specific statutory enactment do not regard the sale of a motor vehicle as consummated until the certificate of title is properly transferred

and delivered to the purchaser. Until this event takes place, the seller is regarded as in possession of legal title to the vehicle.

> ... Repeated attempts to secure legislative enactment of a certificate of title law applicable to the sale and transfer of motor vehicles in Kentucky have been unsuccessful. We continue to adhere to the law of sales as now embodied in the Uniform Commercial Code in the form enacted in this state.

455 S.W.2d at 54.

Seizing upon these statements in *Hicks*, appellant urges that the adoption of KRS Chapter 186A, which admittedly is a certificate of title law, effectively overrules the *Motors Insurance Corporation* and *Hicks* cases. In short, appellant argues that the law of sales no longer governs who is an owner of a motor vehicle within the meaning of an insurance policy. We agree with this contention. For us to conclude otherwise would seriously undermine the specific mandatory provisions dictating how the transfer of vehicle ownership shall be accomplished as set forth in KRS 186A.215(1). This statute provides that "[i]f an owner transfers his interest in a vehicle, he shall, at the time of the delivery of the vehicle, execute an assignment and warranty of title to the transferee in the space provided therefor on the certificate of title...." Although the statute sets forth two exceptions to this requirement, neither of those are applicable here.

Given the specific and mandatory nature of the provisions of KRS 186A.215(1) governing the transfer of vehicle titles, we conclude that the previous decisions of our courts applying the general laws of sales to determine who owns a motor vehicle for purposes of insurance coverage are no longer viable. We are compelled to reach this conclusion in light of the court's clear indication in *Hicks* that the existence of a certificate of title statute would have resulted in a different decision. We hold, therefore, that since the effective date of KRS 186A, the provisions of that statute, rather than the general law of sales, govern the issue of who owns a motor vehicle

for purposes of insurance coverage. Thus, in the instant action, if Rogers was the owner of the vehicle Evans was driving on the date it collided with appellant, within the meaning of the word "owner" as used in KRS 186A.215(1), Evans was insured under the omnibus clause of the liability insurance policy covering the vehicle.

■ In determining whether Rogers was the "owner" of the vehicle, KRS 186A.345 dictates that we utilize the definition of "owner" set forth in KRS 186.-010(7). The latter statute defines an "owner" as "a person who holds the legal title of a vehicle." However, the statute includes an exception with respect to conditional sales transactions. With respect to such transactions, the statute defines an owner as follows:

> If a vehicle is the subject of an agreement for the conditional sale or lease, with the vendee or lessee entitled to possession of the vehicle, upon performance of the contract terms, for a period of three hundred sixty-five (365) days or more and with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee, or if a mortgagor of a vehicle is entitled to possession, the conditional vendee or lessee or mortgagor shall be deemed the owner.

Here, there was an oral conditional sales agreement between the parties and no evidence was adduced that upon performance of his duty to pay the balance of the purchase price, Evans did not have a right to possess the vehicle "for a period of three hundred sixty-five (365) days or more." That being so, pursuant to this exception Evans must be deemed to have been the owner of the vehicle for purposes of KRS 186A.215(1). It follows, therefore, that Evans was not insured within the meaning of the omnibus clause in Rogers' insurance policy because Rogers did not own the vehicle on the date of the collision.

Our decision and the present statutory definition of "owner" both comport with the general rule that a conditional vendee does not use an insured automobile with the consent or permission of the conditional vendor, and hence, is ordinarily not within the coverage of an omnibus clause of a liability insurance policy issued on the vehicle. *See generally, Annot.* 36 A.L.R.2d 673 (1954). The rationale for the rule is that possession of the vehicle is transferred under circumstances which prevent the seller from controlling the use of the vehicle by giving or withholding consent. We believe our jurisdiction's apparent adoption of this general rule by statute is both logical and sound.

For the reasons stated, the court's judgment is affirmed.

All concur.