## HARTFORD ACCIDENT & INDEMNITY COMPANY, Appellant,

v.

**Judy MADDIX, as Administratrix of the Estate of James Scott Holbrook, II; Judy Maddix, Individually; and James Scott Holbrook, Individually, Appellees.**

No. 91–CA–000853–MR.

Court of Appeals of Kentucky.

Oct. 16, 1992.

George B. Hocker, Lynn M. Hartzman, Lexington, for appellant.

Richard W. Martin, Ashland, W. Jeffrey Scott, Grayson, for appellees.

Before JOHNSON, MILLER and WILHOIT, JJ.

JOHNSON, Judge.

On February 18, 1989, Scott Justice lost control of the Chevrolet Cavalier he was driving and crashed into a parked car. Scott and one passenger were killed, another passenger was injured. Subsequently, Ralph Justice (Scott's father) filed a declaratory judgment action against Hartford Accident & Indemnity Company (hereinafter "Hartford"). The issue is whether the car driven by Scott Justice is covered by the "garage policy" which Hartford had issued to Justice Auto Sales (a business owned by

Ralph Justice). To resolve this question, we must decide whether Justice Auto Sales was the owner of the Cavalier. The trial court granted summary judgment to Justice, holding that the car was owned by Justice Auto Sales and therefore was covered by the policy in question.

The parties agree on the following relevant facts: the Cavalier had been obtained by Ralph Justice from Glass Auto Sales in trade for a truck (which was owned by Justice Auto Sales) thirteen days before the fatal wreck; Glass Auto Sales still held title to the Cavalier at the time of the wreck; and Ralph Justice intended to transfer title into Scott Justice's name at some point, but had not yet done so. Moreover, it appears to be unquestioned that the policy provides coverage if the automobile was owned by Justice Auto Sales.[1]

Appellant earnestly insists that this Court's opinion in *Cowles v. Rogers*, Ky. App., 762 S.W.2d 414 (1988), mandates a finding that Justice Auto Sales did not own the Cavalier. We agree that *Cowles* is relevant, but we do not believe that it requires a decision favorable to the appellant in this case. In *Cowles* the Court held that ownership of motor vehicles was no longer to be decided by the general law of sales, but was instead governed by the titling and registration statutes, KRS 186A.010 *et seq.* We look to those statutes to decide who owned the Cavalier.

 Under the title statutes, Justice Auto Sales should be held to be the owner of the Cavalier. KRS 186A.220(1) and (5) set out the provisions which motor vehicle dealers must follow when they acquire a vehicle for resale and when they sell a vehicle to a purchaser.[2] Those requirements are not the same as the requirements for non-dealers under KRS 186A.215 (the statute upon which the *Cowles* decision was based). Specifically, a dealer can become the owner of an automobile *without* actually acquiring title to the automobile. *See* KRS 186A.220. It does not seem to be disputed that Justice Auto Sales complied with the requirements of KRS 186A.220. It is true that the buying dealer must notify the county clerk within fifteen days after the dealer acquires the vehicle, *see* KRS 186A.220, but in this case only thirteen days had passed. It seems that Glass Auto Sales and Justice Auto Sales had, at the time of the accident, done everything which was necessary to pass ownership under Kentucky's title statutes. Therefore, Justice Auto Sales should be held to be the owner of the Cavalier and covered by the Hartford insurance policy. In view of our holdings, the other arguments of the appellant are moot. The judgment of the trial court is affirmed.

All concur.

---

**1.** Appellee argues that the relevant part of the policy is "Item Two," which indicates that "Covered Autos" are those described by code number "21." "Item Three" explains that "21" means "any auto." Nevertheless, appellant, Hartford, seeks to take advantage of the insurance policy's exclusion from coverage which reads (in an endorsement, at B(2)(b)):

> Any auto you don't own is a covered auto while being used by you or by any family member except:
>
> ....
>
> (2) Any auto furnished or available for your or any family member's regular use.

Hartford argues that because the car was not owned by appellee, and since it was available for a family member's regular use, the exclusion applies. Of course, this argument can only succeed if Justice Auto Sales does not own the car; Hartford has not argued that coverage could be avoided even if Justice Auto Sales did own the car.

**2.** Hartford's arguments that the Cavalier was *not purchased for resale* and that Scott Justice was the owner must fail. First, the fact that Ralph Justice intended to give the car away does not matter. The statutory definition of sale clearly includes gifts: "Sale means the ... transfer ... of any motor vehicle or interest therein.... A gift or delivery of any motor vehicle or franchise with respect thereto, with or as a bonus on account of the sale of anything, shall be deemed a sale of such motor vehicle or franchise." KRS 190.010(24). The statute does not require that a transfer be in exchange for any consideration. Second, Scott Justice cannot be the owner because he does not have title and (not being an auto dealer himself) cannot be an owner unless he has title. *See Cowles v. Rogers*, Ky.App., 762 S.W.2d 414 (1988).