Ray POTTS, D/B/A Ray's Auto Sales II; and Empire Fire and Marine Insurance Company, et al., Appellants/Cross–Appellees,

v.

David W. DRAPER, Appellee/Cross–Appellant,

and

Capital Enterprise Insurance Group, Appellee.

Nos. 93–SC–275–TG, 93–SC–276–TG and 93–SC–277–TG.

Supreme Court of Kentucky.

Sept. 30, 1993.

Bradley D. Harville, Landrum and Shouse, Wayne J. Carroll, Edward H. Bartenstein, Mackenzie & Peden, Louisville, for appellants/cross-appellees.

Donald L. Miller, II, Colin H. Lindsay, Brown, Todd & Heyburn, Douglas W. Becker, Roach, Becker & Wheat, John R. Martin, Jr., George P. Parker, Landrum & Shouse, George Bruce Stigger, Scott F. Scheynost, Roach, Becker & Wheat, Kenneth E. Dunn, Gittleman, Bleidt & Barber, David A. Harris, J.D. Raine, Jr., Morris, Garlove, Waterman & Johnson, Louisville, for appellees/cross-appellants.

WINTERSHEIMER, Justice.

This appeal has been transferred from the Court of Appeals in order to consider it in conjunction with *Rogers v. Wheeler,* 864 S.W.2d 892 (1993) which we have also decided on this day. The appeal is by Ray Potts, a used car dealer, and his insurer, Empire Fire and Marine Insurance Company from a judgment entered by the Jefferson Circuit Court in favor of David W. Draper. Capital Enterprise Insurance Group (CEIG) is in the case only because it provided automobile liability insurance coverage to David W. Drap-

er. CEIG paid benefits on behalf of Draper under the policy of underinsured motorist, no-fault and collision benefits immediately after the accident because no other insurance carrier admitted coverage.

On July 27, 1989, Draper was severely injured when his vehicle was struck head-on by a 1976 Ford van driven by Tammy Glisson. Glisson, who had no insurance of any kind, purchased the van on June 13, 1989, from Ray's Auto Sales II. Empire provided liability insurance for all vehicles owned by Ray's Auto Sales II. Draper sued Glisson, Ray's Auto Sales II and Empire Insurance.

The principal issue is the question of ownership of the vehicle at the time of the accident and the insurance liability.

Additional facts must be recited in order to understand this complex situation. On April 2, 1989, Ray's purchased the 1976 Ford van from J–Town Auto Mart through the Clark County auto auction. On April 22, 1989, the vehicle transaction record was obtained by Ray's from the Clark County auction but could not be filed with the county clerk because the seller's title was not available apparently because of problems relating to lien releases. On May 8, 1989, the title to the van was obtained by J–Town and forwarded to Ray's. At that time the vehicle transaction record and title were filed with the county clerk's office so that it could be listed as "on assignment" to Ray's. On June 13, 1989, the Glissons purchased the van. As part of this transaction, Glisson and her husband signed a purchase order and a contract called a "lease/purchase agreement" and a retail installment contract. The Glissons took possession of the van on June 13, 1989. Ray's filed the vehicle transaction record to effect transfer of title to the Glissons on August 3, 1989, one week after the accident. The trial court determined that the transaction was not a conditional sale based on the fact that title was transferred even though there was still a substantial unpaid balance.

The circuit judge granted the declaratory relief sought by Draper and CEIG and denied motions for summary judgment from Ray's and Empire, ruling that Ray's owned the van and Empire insured the van on the day of the collision.

The circuit court correctly applied Kentucky law on the legal title of motor vehicles in order to determine that Ray's owned the van on the day of the accident, July 27, 1989.

Kentucky is a certificate of title state for the purposes of determining ownership of a motor vehicle and requiring liability insurance coverage. K.R.S. 186A. *Cowles v. Rogers*, Ky.App., 762 S.W.2d 414 (1988). The owner of a motor vehicle is the title holder unless a motor vehicle is subject to a valid conditional sale for liability insurance purposes. K.R.S. 186.010(7); *Cowles, supra.* The adoption of K.R.S. Chapter 186A in conjunction with the existing provisions of Chapter 186, had the effect of changing the law of Kentucky from an equitable title state to a certificate of title state for the purposes of determining ownership of a motor vehicle for liability insurance requirements. The general law of sales is no longer applicable to such a situation because of the statute.

■ A conditional sales contract is one where title is retained by the seller in order to secure payment by the purchaser. Once payment has been made in full, then the title is to be transferred to the purchaser pursuant to the terms of the agreement. The circuit court correctly utilized Black's Law Dictionary, 5th Edition, to reach a similar definition of conditional sale to the effect that a conditional sale is "a form of a contract in which the seller reserves title until the buyer pays for goods at which time the condition having been fulfilled, title passes to the buyer." In this case, there is no question that title was transferred by Ray's to the Glissons on August 3, 1989, one week after the accident, despite the fact that there was a substantial unpaid balance. The record also indicates that Glisson was still making weekly payments after the accident.

Empire's reliance on 36 A.L.R.4th 7 (1985) is misplaced. The statutes of Kentucky are clear and unambiguous that the owner of a motor vehicle is the titleholder in the absence of a valid conditional sale. Although we appreciate the scholarly efforts on behalf of Empire in reciting the statutes and cases of 36 other states and other treatises, it is not

persuasive in this matter because the law of Kentucky is abundantly clear.

All of the above described statutes as exhaustively explained by Empire are different in critical ways from the language of the statutes in Kentucky.

The argument by Empire that K.R.S. Chapter 186A is designed to automate the title system and has little to do with determining ownership for insurance purposes is unconvincing. The annotation in 36 A.L.R.4th 7, 12 (1985) itself notes in pertinent part that various state statutes are designed to provide a system of registering titles and prescribing the formalities necessary in order to transfer title to an automobile. These formalities must be followed. K.R.S. 186.010(7) provides that an owner in a conditional sale or lease who is entitled to possession shall be considered the owner upon performance of the contract terms. That was not the case in this situation.

Despite the claim by Empire that the *Cowles* decision was dicta, we find the language to be very clear when *Cowles* stated as follows:

> We hold, therefore, that since the effective date of K.R.S. 186A, the provisions of that statute, rather than the general law of sales governs the issue of who owns a motor vehicle for the purposes of insurance coverage.

That decision was based on the plain language of the statute and it is totally without merit to attempt to speculate on the "real intent" of the legislature.

■ Unlike the sale in *Cowles,* this transaction was not a conditional sale in spite of the protestations of the dealer. It must be remembered that this action is not about a contract or sale or when such a transaction is complete, but rather it is about when title passes to buyer from seller for the purpose of liability insurance coverage.

It is obvious that Ray's was not holding title to the van until full performance of the contract terms by the Glissons. The facts in the record indicate that Ray's transferred title to the Glissons one week after the accident even though they never finished paying for the van.

For the academic interest regarding the law of sales, the following must be observed. In this case the buyer never fully paid for the goods. The time at which the buyer completed the obligation never arrived. The condition of payment for the van was never fulfilled. The seller gave title to the buyers even though the condition of payment was never fulfilled and the buyers continued to make weekly payments even after receiving title. Accordingly, we can only conclude that the buyers' payments were not conditional on the expectation that title would be transferred on receipt of the last payment.

The record indicates that Ray's testified that the only reason the vehicle transaction record which provided for transfer of title was not filed on the date of the alleged sale of the van was because Ray's had not yet received its certificate of title. Ray's contend in their pleadings before the circuit court that it did not transfer title any sooner because of "mere delays and paper shuffling with public records."

■ We believe the arguments by Empire regarding the parol evidence rule are unpersuasive. All the evidence relied upon by the circuit judge related to times after the execution of the written sales contract. In this instance we must agree with the 1983 commentary to K.R.S. 355.2–202 to the degree that the course of actual performance by the parties must be considered the best indication of what they intended the writing to mean and that it is not proper to include testimony or other evidence of the parties' conduct as opposed to their words. In addition the van was clearly received and accepted by the Glissons before the circuit court considered the evidence at issue. Thus the evidence is not barred by the plain language of K.R.S. 355.2–201. It is obvious that Draper, the injured person, is not a party to the transaction or contract of sale nor has he attempted to enforce the contract in his favor. He is not barred from introducing such evidence.

We must categorically reject the contention by Empire that there will be a "deleterious" effect on commerce and the public. To the contrary, the real practical effect will

merely be that licensed motor vehicle dealers will be required to obtain insurance coverage for motor vehicles they sell until they transfer title by executing the appropriate legal documents in the absence of a valid conditional sale. In addition, the vehicle dealers are required to follow the law, both statutory and common law, in regard to the conditional sale of any vehicle. The requirement to follow the law is not harmful either to commerce or the dealer or to anyone else. The purpose of the statute is to require the seller of a motor vehicle to take statutory steps to properly complete the sale and until this is done the seller will be considered the owner for the purposes of liability insurance. The result will be that all the public will be protected from uninsured motorists. That was the original intention of the statute and it must be supported.

K.R.S. 190.033 requires Ray's and all others to insure motor vehicles they own regardless of who is driving them. K.R.S. 190.015 simply states that the purpose of K.R.S. Chapter 190 is to promote the public interest and public welfare and to prevent frauds, impositions and other abuses upon the citizens of Kentucky. This Court endorses the proposition that compulsory insurance laws are intended to protect the public at large who might otherwise suffer from being injured by uninsured motor vehicles. *Royal Globe Insurance v. Safeco Insurance Co*, Ky. App., 560 S.W.2d 22 (1978).

The circuit court correctly applied Kentucky law when it determined that Ray's owned title to the van and Empire Fire and Marine insured it on the day of the collision. Prior to 1982, Kentucky considered an automobile sale complete for the purpose of insurance coverage at the time the buyer accepted delivery, even though it was agreed that the certificate of title to the vehicle would not be immediately transferred. *Motors Insurance Corp. v. Safeco Insurance Co. of America*, Ky., 412 S.W.2d 584 (1967). The adoption of K.R.S. 186A.010 *et seq.* changed Kentucky from an equitable title state to a certificate of title state wherein the legal titleholder is considered the owner of a vehicle in the absence of a valid conditional sales or lease agreement. K.R.S. 186.010(7).

It is the holding of this Court that Kentucky is a certificate of title state in which the titling statutes control ownership of a motor vehicle for liability insurance purposes in the absence of a valid conditional sale. In this case, title had been assigned to Ray's and the transaction between Ray's and Glissons was not a conditional sale. In view of the fact that Empire insured all motor vehicles owned by Ray's, it follows that Empire insured the Ford van on the day of the collision.

The judgment of the circuit court is affirmed.

STEPHENS, C.J., and COMBS, REYNOLDS and SPAIN, JJ., concur.

LAMBERT and LEIBSON, JJ., concur in result only.