### GUARANTY NATIONAL INSURANCE COMPANY, Plaintiff,

v.

### Gary W. CAIN et al., Defendants.

### Civ. A. No. 92–408.

United States District Court, E.D. Kentucky.

May 6, 1994.

Marcia Milby Ridings and Kenneth H. Gilliam, Hamm, Milby & Ridings, London, KY, for plaintiff, Guaranty Nat. Ins. Co.

Robert L. Wilson, Wilson & Smith, Jamestown, KY, for defendants, Gary W. Cain and Rosalie Cain.

Robert L. McClelland, for defendant, Robert L. McClelland, adm'r of the estate of Randall D. Downs.

David A. Harris and Douglas C. Ballantine, Ogden, Newell & Welch, Louisville, KY, for defendants, American Employers' Ins. Co. and Commercial Union Ins. Companies.

Robert R. Baker, Rankin & Baker, Stanford, KY, for defendant, Kentucky Farm Bureau Mut. Ins. Co.

## OPINION AND ORDER

FORESTER, District Judge.

Before the Court are the cross motions of the plaintiff, Guaranty National Insurance Company, and the defendants, Kentucky Farm Bureau Mutual Insurance Company, American Employers' Insurance Company, and Commercial Union Insurance Companies, for summary judgment. The defendants, Gary W. Cain and Rosalie Cain, oppose Guaranty's motion, and the remaining defendant, Robert L. McClelland, administrator of the estate of Randall D. Downs, did not respond to the motions. Summary judgment is appropriate if the moving party establishes that there is no genuine issue of material fact for trial and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The facts are not in dispute. During the afternoon of Friday, January 25, 1991, Randall Downs and his mother went to E–Z Mony Used Cars in Nicholasville, Kentucky to buy a car. Downs subsequently entered into an agreement with E–Z Mony in which he purchased a 1980 Subaru vehicle by making a down payment and by promising to make thirty-seven subsequent weekly payments. E–Z Mony employees and Downs completed all the necessary paperwork to transfer the title, and Downs took possession of the Subaru.

Later that evening, Downs was driving the car in Lincoln County, Kentucky when it collided with another vehicle that Gary Cain was driving. Downs and his passenger, Jarvis Lynn, were killed, and Gary Cain and his wife, Rosalie Cain, received injuries.

An E–Z Mony employee submitted the paperwork to the Lincoln County Clerk on Monday, January 28, 1991 to complete the transfer of the Subaru to Downs' name, and

the clerk executed the transfer on Tuesday, January 29. Kelly Caldwell, E–Z Mony's president, testified in his deposition that taking the paperwork to the county clerk on Monday was "the first possible time" due to the time of the Downs' purchase on the previous Friday.

As a result of that accident, three lawsuits were filed in Lincoln Circuit Court. At the time of the sale and the accident, Caldwell d/b/a E–Z Mony carried insurance for E–Z Mony's vehicles with Guaranty. Apparently, Downs was uninsured. Guaranty filed this diversity action on October 13, 1992 seeking a declaratory judgment that the defendants are not entitled to recover any amount from it pursuant to the E–Z Mony insurance policy. Final disposition of this case was delayed because this Court held it in abeyance pending the issuance of recent opinions by the Kentucky Supreme Court.

In 1974, the Kentucky General Assembly passed the Motor Vehicle Reparations Act. One of the purposes of the Act is "[t]o require owners, registrants and operators of motor vehicles in the Commonwealth to procure insurance covering basic reparation benefits and legal liability arising out of ownership, operation or use of such motor vehicles." Ky.Rev.Stat. § 304.39–010(1). The Act requires an "owner" of a motor vehicle to maintain insurance. *Id.* at §§ 304.39–090, –110; *see id.* at § 304.39–020(17). An "owner" is "a person, other than a lienholder or secured party, who owns or has title to a motor vehicle or is entitled to the use and possession of a motor vehicle subject to a security interest held by another person." *Id.* at § 304.39–020(12).

To ensure that a vehicle owner has insurance coverage, another statute forbids a county clerk from issuing a registration renewal unless the applicant presents proof of insurance. *Id.* at § 186.021(2). Apparently, no law requires a purchaser of a vehicle to show proof of insurance at the time of the title transfer. Although the Act requires that a new car owner obtain insurance before driving, Caldwell explained during his deposition that a purchaser of an automobile only has to show proof of insurance to the county clerk at the time that he renews the registra-

tion, which may be several months after the sale. Unfortunately, at this time, Kentucky law has no mechanism to ensure that a purchaser, such as Downs, acquires insurance until the time for the registration renewal. Caldwell further stated that, as a result, some people want to buy cars at public auctions that have relatively new "tags" because "[t]here is nothing to make them go buy insurance." Whether Downs planned to obtain insurance or to continue to drive the car unlawfully is not clear from the record. Nevertheless, Downs should have had knowledge that E–Z Mony was not providing insurance to him because the agreement in which he entered with E–Z Mony required that he maintain insurance on the car.

To transfer a title to a motor vehicle, Kentucky law requires the seller of the vehicle to execute an assignment and a warranty of title by completing certain portions of the vehicle transaction record. Ky.Rev.Stat. § 186A.215(1). The buyer then executes an application for a new certificate of title and registration by completing other portions of the transaction record, and the unexpired registration remains valid upon the transfer. *Id.* at § 186A.215(2). The law requires prompt submission of the vehicle transaction record to the county clerk. *Id.* at § 186A.215(3).

■ Although the Motor Vehicle Reparations Act contains a definition of "owner," *see id.* at § 304.39–020(12), Kentucky courts have examined the definition in the motor vehicles law to determine who owns the vehicle for purposes of insurance coverage. *See Cowles v. Rogers*, 762 S.W.2d 414, 416–17 (Ky.Ct.App.1988). The motor vehicles statute defines an "owner" as "a person who holds the legal title of a vehicle" or who enters into a certain type of conditional sale or lease agreement. Ky.Rev.Stat. § 186.-010(7). Therefore, under either definition, the critical inquiry is whether Downs or E–Z Mony had "title" to the Subaru at the time of the accident.

In *Rogers v. Wheeler*, 864 S.W.2d 892 (Ky. 1993), and in *Potts v. Draper*, 864 S.W.2d 896 (Ky.1993), the Kentucky Supreme Court recently held that the dealers remained "owners" after delivery of the vehicles to the

buyers because the sales arrangements did not create conditional sales agreements. In *Rogers,* the court pointed out that Kentucky law "does not contemplate or authorize a conditional sale without transfer of title." 864 S.W.2d at 895. In *Potts,* the court explained that "the legal titleholder is considered the owner of a vehicle in the absence of a valid conditional sales or lease agreement." 864 S.W.2d at 900. The court stated that "Kentucky is a certificate of title state for the purposes of determining ownership of a motor vehicle and requiring liability insurance coverage." *Id.* at 898. These opinions reflect the court's concern with the public policy as formulated by the General Assembly that all motorists have insurance. Under the facts of the cases, the buyers could avoid having to show proof of insurance to the county clerk because the dealers did not submit the necessary paperwork to the clerk until several months after the buyers took possession of the cars. Therefore, the automobiles remained registered in the dealers' names at the times of the collisions, and the drivers were uninsured.

E–Z Mony and Downs did not enter into a conditional sales agreement. Therefore, at the time of the collision, E–Z Mony was the owner of the Subaru and Guaranty insured the car only if E–Z Mony had the title. The defendants argue that, because Kentucky is a "title state," E–Z Mony retained title to the Subaru until the actual transfer took place at the office of the Lincoln County Clerk on Tuesday, January 29, 1991. This argument is without merit under Kentucky law.

Kentucky courts have held that a buyer becomes an "owner" with "title" after physical delivery of the automobile but before actual transfer of the title. *Hicks v. Kentucky Farm Bureau Mutual Ins. Co.,* 455 S.W.2d 52 (Ky.1970); *Motors Ins. Corp. v. Safeco Ins. Co.,* 412 S.W.2d 584 (Ky.1967). Although the defendants correctly point out that the basis of these decisions was the old rule that title passed to the buyer upon delivery, which no longer has any application in this context under Kentucky law, the Kentucky Supreme Court refused in *Rogers* to overrule the cases. Rather, the court distinguished *Safeco* by noting that "an accident occurred before the title papers had been fully executed and delivered" and then distinguished *Hicks* by explaining that "the sale had taken place, all the money had been paid and because the clerk's office was closed, title could not be filed." 864 S.W.2d at 895–96. Thus, for purposes of liability insurance, the court did not intend to impose a strict requirement that title does not pass to the buyer until the county clerk completes the transfer.

Although the court in *Rogers* made clear that title for liability insurance purposes does not automatically pass to the buyer upon delivery, it does pass if the seller and the buyer have complied with section 186A.215 by completing the applicable portions of the vehicle transaction record and by promptly submitting the record to the county clerk. As the court in *Potts* explained, "The purpose of the statute is to require the seller of a motor vehicle to take statutory steps to properly complete the sale and until this is done the seller will be considered the owner for purposes of liability insurance." 864 S.W.2d at 900. E–Z Mony and Downs completed the necessary paperwork, but E–Z Mony could not submit it to the Lincoln County Clerk on the date of the sale because the sale took place on a Friday afternoon. The events here are indistinguishable from the circumstances in *Hicks.* E–Z Mony's submission of the paperwork to the county clerk on the following Monday certainly was as prompt as possible. In short, E–Z Mony did all that the law required to transfer title.

■ Therefore, at the time of the collision, Downs had "title" to and was the "owner" of the Subaru for liability insurance purposes. To hold that title does not pass until the actual submission of the paperwork to the county clerk or until the date of the actual transfer would lead to the ludicrous result that dealers fearing liability would not allow purchasers of cars to obtain delivery until the time of the submission to the county clerk or even until the time of the actual transfer. The court in *Rogers* must have anticipated such a result when it refused to overrule *Hicks.* Under Kentucky law, as long as the seller and the buyer complete the necessary paperwork at the time of the sale and then

promptly submit it to the county clerk, title passes to the buyer at the time of the sale for liability insurance purposes.

Accordingly, the Court, being well and sufficiently advised, hereby ORDERS:

(1) Guaranty's motion for summary judgment [docket entry 30] is GRANTED, and a declaratory judgment will be entered contemporaneously with this opinion and order in Guaranty's favor;

(2) the defendants' motions for summary judgment [docket entries 35 & 37] are DENIED; and

(3) the pretrial conference of May 9, 1994 and the Court trial of June 14, 1994 are SET ASIDE.

### DECLARATORY JUDGMENT

In accordance with the opinion and order entered contemporaneously with this declaratory judgment, the Court hereby DECLARES, ORDERS, AND ADJUDGES:

(1) the defendants, Gary W. Cain, Rosalie Cain, Robert L. McClelland as administrator of the estate of Randall D. Downs, American Employers' Insurance Company, Commercial Union Insurance Companies, and Kentucky Farm Bureau Mutual Insurance Company, MAY NOT RECOVER ANY AMOUNT from the plaintiff, Guaranty National Insurance Company, under the insurance policy with Kelly Caldwell d/b/a E–Z Mony Used Cars;

(2) this matter is DISMISSED WITH PREJUDICE;

(3) this judgment is final and appealable, and no just cause for delay exists; and

(4) this matter is STRICKEN from the active docket.