**752**

Thomas B. STIGALL III, and Cheryl Stigall, Individually and Cheryl Stigall, Administratrix of the Estate of Jordan Stigall, Deceased, Appellants,

v.

FOURTH STREET AUTO COMPANY, INC., Appellee.

No. 95–CA–1158–MR.

Court of Appeals of Kentucky.

May 31, 1996.

Kenneth L. Sales and Melissa S. Norman (briefed), Louisville, for Appellants.

Kenneth L. Sales (argued), Louisville, for Appellant.

Jeffrey D. Stamper (briefed and argued), Louisville, for Appellee.

Before COMBS, HOWERTON and WILHOIT, JJ.

HOWERTON, Judge.

Thomas B. Stigall III and Cheryl Stigall, Individually, and Cheryl Stigall, administratrix of the estate of Jordan Stigall, deceased, appeal from an order of the Jefferson Circuit Court granting summary judgment in favor of Fourth Street Auto Company, Inc. The court determined that ownership of a 1987 Isuzu Trooper passed to Thomas Stigall prior to an accident which occurred on August 29, 1993. As a result, the court found that Fourth Street Auto was relieved of all duties, including the responsibility to provide liability coverage prior to that date. Finding no error, we affirm.

On August 6, 1993, Thomas Stigall agreed to purchase a 1987 Isuzu Trooper from Fourth Street Auto. Stigall executed a purchase contract and retail installment contract/security agreement pertaining to the financing of the Isuzu. Fourth Street Auto executed the "Seller's" section of the Application for Title and Registration Form and presented the form to Stigall, who executed and signed the "Buyer's" section as required to transfer ownership and title. Stigall took possession of the vehicle on August 6.

Fourth Street Auto presented the application for title and registration and vehicle transaction record, along with the required fees, to the Jefferson County Clerk's office on August 18, 1993. Accordingly, on that date the clerk issued a certificate of registration indicating that Stigall was the owner of the Isuzu and forwarded the application for the new title to the Transportation Cabinet in Frankfort. However, the new certificate of title was not issued by the Cabinet to Stigall until September 10, 1993.

On August 29, 1993, Stigall and his family were involved in an automobile accident when the Isuzu was struck from behind by another vehicle. The Isuzu burst into flames upon impact.[1] Although Cheryl Stigall and Bradley Stigall, one of their sons, were able to escape, Stigall was seriously injured while trying to rescue the other son, Jordan, who subsequently died in the blaze. At the time of the accident, neither Stigall nor the owner of the other vehicle had automobile liability insurance.

Fourth Street Auto filed a declaratory judgment action in the Jefferson Circuit Court to determine the ownership of the Isuzu on the date of the accident and establish whether it had any duty to maintain insurance on the vehicle on that date. The court entered summary judgment on April 24, 1995, stating that prior to August 29, 1993, possession, title and ownership of the Isuzu were vested in Stigall and all duties of Fourth Street Auto regarding the vehicle were extinguished. This appeal ensued.

■ Stigall argues that Fourth Street Auto failed to follow the statutory requirements for transferring title, and thus remained the owner of the vehicle at the time of the accident for liability insurance purposes. After careful review of the record, we conclude that Fourth Street Auto did satisfy the necessary requirements to transfer title and ownership to Stigall.

Kentucky's titling statutes are contained in KRS Chapters 186 and 186A. Pursuant to 186.010(7) an "owner" of a motor vehicle is defined as "a person who holds the legal title of the vehicle" or who enters into a certain type of conditional sale or lease agreement. Therefore, the ·question before the circuit court was whether Fourth Street Auto or Stigall had "title" to the Isuzu at the time of the accident.

The procedure for transferring ownership of a vehicle is set forth in KRS 186A.215, which requires the seller of the vehicle to execute an assignment and warranty of title by completing certain portions of the vehicle transaction record. KRS 186A.215(1). The buyer is then required to execute an application for a new certificate of title and registration by completing the remaining portions of the vehicle transaction record. KRS 186A.215(2) Finally, the statute requires prompt submission of the vehicle transaction record to the county clerk. KRS 186A.215(3).

Further, when the transaction involves a dealer, the provisions of KRS 186A.220(5) provides:

> When he [the dealer] assigns the vehicle to a purchaser for use, he shall deliver the properly assigned certificate of title, and a properly executed vehicle transaction record, to such purchaser, who shall make application for registration and a certificate of title thereon.

It is Stigall's contention that because Fourth Street Auto presented the required documents directly to the county clerk instead of delivering them to Stigall, who in turn would have had the responsibility of presenting them to the clerk, Fourth Street Auto violated the statutes and therefore remained the owner of the Isuzu at the time of the accident. We simply cannot agree.

Kentucky courts have held that a buyer becomes an "owner" with "title" after physical delivery of the vehicle but prior to the actual transfer of the title. *Guar. Nat'l Ins. Co. v. Cain,* 851 F.Supp. 265 (E.D.Ky.1994) (citing to *Hicks v. Kentucky Farm Bureau Mutual Ins. Co.,* Ky., 455 S.W.2d 52 (1970); *Motors Ins. Corp. v. Safeco Ins. Co. of America,* Ky., 412 S.W.2d 584 (1967)).

In the *Guaranty* case, the dealer and buyer completed the necessary paperwork at the time the vehicle was delivered to the buyer. Because the sale transpired on a Friday, the dealer did not submit the documents to the county clerk until the following Monday. However, in the interim, the buyer was involved in a fatal accident in the vehicle.

---

1. The Isuzu Trooper is the subject of litigation currently pending in the Jefferson Circuit Court,

*Stigall v. Isuzu Motors, Ltd., et al.,* Civil Action No. 93–CI–05563.

The *Guaranty* court noted that although *Hicks* and *Safeco* were based upon the old rule that title passed to the buyer upon mere delivery, the Kentucky Supreme Court, in *Rogers v. Wheeler*, Ky., 864 S.W.2d 892 (1993) refused to overrule either, distinguishing both on the facts. In *Rogers*, the Supreme Court held that although title for liability insurance purposes does not automatically pass to the buyer upon delivery, it does pass if the seller and the buyer have complied with KRS 186A.215 by completing the applicable portions of the vehicle transaction record and by promptly submitting the record to the county clerk. Thus, as the *Guaranty* court stated, "for purposes of liability insurance, the court did not intend to impose a strict requirement that title does not pass to the buyer until the county clerk completes the transfer." *Id.* at 268.

At the time of the sale in the present case, Fourth Street Auto delivered the vehicle transaction record to Stigall, who completed and signed the buyer's sections before taking possession of the vehicle. Fourth Street Auto subsequently presented all necessary documents to the county clerk to effectuate the transfer of title on August 18, 1993, eleven days prior to the accident. We simply cannot agree that, because Fourth Street Auto presented the documents directly to the county clerk instead of physically delivering them to Stigall, Fourth Street should be deemed the owner of the vehicle. From a practical aspect, it has long been the custom of dealers in Kentucky to take the applicable documents to the clerk's office on behalf of the buyer. Furthermore, as the *Guaranty* court stated,

[t]o hold that title does not pass until the actual submission of the paperwork to the county clerk or until the date of the actual transfer would lead to the ludicrous result that dealers fearing liability would not allow purchasers of cars to obtain delivery until the time of the submission to the county clerk or even until the time of the actual transfer.

*Guar. Nat'l Ins. Co.*, 851 F.Supp. at 268.

So long as the seller and buyer complete the necessary paperwork at the time of the sale and then one of the parties promptly submits them to the county clerk, title passes at the time of the sale for liability insurance purposes. Fourth Street Auto did so, and the circuit court correctly determined that it was relieved of all of its duties, including the responsibility to provide liability insurance, prior to the date of the accident.

Therefore, the order of the Jefferson Circuit Court granting summary judgment is affirmed.

All concur.