## Morgan County Board of Education et al. v. Elliott.

(Decided Oct. 11, 1935.)

S. MONROE NICKELL and J. BLAINE NICKELL for appellants.
W. M. GARDNER for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is an appeal from a judgment of the Morgan circuit court, sitting in equity, whereby it was adjudged that the appellee, Curtis Elliott, was entitled to the position of teacher in subdistrict No. 27 of Morgan county for the school year of 1935-36. There were two trustees elected in subdistrict No. 27, under chapter 79 of the Acts of 1932, and one trustee elected in July, 1934, under chapter 65 of the Acts of 1934. One of the trustees under the 1932 act recommended Clyde Hutchinson as teacher for the subdistrict, while the appellee, Curtis Elliott, was recommended by the trustee elected under the act of 1934. The third trustee made no recommendation. On the 13th of May, 1935, Clyde Hutchinson was nominated by the county superintendent of schools and was elected and appointed teacher in subdistrict No. 27. Both Clyde Hutchinson and appellee, Curtis Elliott, have the proper certificates and are qualified to teach the school. The foregoing facts are agreed upon by the parties, and the only question for our consideration is whether or not the trustee elected in July, 1934, is the only one who may nominate teachers, or if the power of nomination rests equally with the trustees elected under the 1932 act and holding over until the expiration of their terms of office.

The chancellor sustained the right of the nominee

674

of the trustee elected under the 1934 act, basing his decision upon a ruling of Judge Thomas of this court in an unreported case before him on a motion for a temporary injunction. Appellants urge the undisputed fact that the ruling on a motion for a temporary injunction is not binding on us, and undertake to point out wherein they conceive it to be erroneous. We have carefully reconsidered the question and have concluded that the ruling was correct.

The trustees elected under chapter 79 of the Acts of 1932 were chosen at an election held on the first Saturday in July, 1932, and qualified pursuant to the provisions of that act. The single trustee provided for in chapter 65 of the Acts of 1934 (article v, subsec. 6½) was elected on the second Saturday in July and qualified one week thereafter. It will be observed that the change in the date of election and qualification of the subdistrict trustees creates a possible interregnum of one week after the new law took effect, between the time of the expiration of the term of one of the trustees elected under the old law and the beginning of the term of the only trustee elected under the new law. It is possible that some of the apparent inconsistencies appearing in the new law are reconcilable with an intention to take care of the management and operation of the subdistricts during this interregnum. It is our duty here to reconcile, if that be possible, the provisions of the 1934 act (article v, sec. 6½), published as sections 4399-7 to 4399-11 of the 1934 Supplement to Carroll's Kentucky Statutes. Section 4399-9 (Acts 1934, c. 65, art. v, sec. 6½ [b]) expressly lodges the power and authority in "the subdistrict trustee" to nominate a teacher, or teachers, for each of the positions in his subdistrict. The section discloses a clear intention that there shall be after its passage but one person having the authority and right to nominate teachers thereunder. Different acts have from time to time varied as to the number of subdistrict trustees to be elected. The 1932 act, for example, provided for three subdistrict trustees, while the 1934 act has reduced the number to one. The position of the chancellor in the case before us is plainly correct unless other provisions of the 1934 act retain to the trustees elected under the 1932 act the power individually to nominate persons for teaching positions. Appellants rely on the provisions of section

4399-11 (Acts 1934, c. 65, art. v, sec. 6½ [d]) and on the provision contained in the last paragraph of section 4399-8 (Acts 1934, c. 65, art. v, sec. 6½ [a]) to sustain their claim that the holdover trustees have authority to nominate teachers.

We think that section 4399-11 may be reconciled with section 4399-9 through a recognition of the intention of the Legislature to provide for the government of the subdistricts during the interregnum between the expiration of the term of the only trustee whose term expired and the qualification of the new trustee, and also on the ground that section 4399-11 relates to the exercise of general control over "school *property*" and not to the particular matter of appointment of teachers.

It must be admitted that a literal construction of the language contained in the last paragraph of section 4399-8 places that section in direct conflict with the provisions of section 4399-9. As between these provisions, in so far as they conflict, it is plain that it is our duty to give effect to that provision containing express and positive language relating to the particular subject dealt with rather than to the provision dealing with the matter in general terms. If possible, that construction which seems to us more closely in harmony with the legislative intent and purpose in enacting the law should prevail. County Board of Education of Daviess County v. Fiscal Court, 221 Ky. 106, 298 S. W. 185.

Section 4399-9 makes it the duty of the board of education to elect any qualified person nominated by the subdistrict trustee in the absence of cause for rejection. Had the Legislature intended that there might be more than one nominee, we should have to read into section 4399-9 some provision for determining between two or more nominees who would secure the position, when in fact no such provision is in the law. Certainly, the Legislature did not intend to have two teachers holding the same position. It seems more reasonable to assume, therefore, that the Legislature intended to vest the sole authority to make nomination of teachers in the trustee elected under the 1934 act, and that the general expressions found in the last paragraph of section 4399-8 were not intended to include the specific power granted in section 4399-9.

Judgment affirmed.