**COMMONWEALTH of
Kentucky, Appellant,**

v.

**Orill Brent MARTIN, Appellee.**

**No. 88–CA–2448–MR.**

Court of Appeals of Kentucky.

Sept. 29, 1989.

Frederic J. Cowan, Atty. Gen., Frankfort, Suzanne D. Cordery, Sp. Asst. Atty. Gen., Louisville, for appellant.

Daniel T. Goyette, Michael T. Rudicil, Jefferson Dist. Public Defender, Frank W. Heft, Jr., Chief Appellate Public Defender, Louisville, for appellee.

Before HOWERTON, C.J., and HAYES and WEST, JJ.

HAYES, Judge.

This is a criminal case in which the Commonwealth appeals from an order entered in Jefferson Circuit Court denying its motion to impose consecutive sentences against Orill Brent Martin.

Martin was initially indicted in May, 1987, for first-degree burglary, second-degree arson, receiving stolen property over $100, illegal possession of marijuana, and persistent felony offender (PFO) in the second degree, pursuant to indictment number 87–CR–720. Pending trial, he remained free on a $5,000 bond. On January 22, 1988, while awaiting trial, he burglarized an apartment, stealing $45,000 worth of jewelry. In March, he was charged under indictment number 88–CR–492 with second-degree burglary and receiving stolen property over $100. He was additionally indicted under 88–CR–0761 with being a second-degree PFO. A jury trial on these latter two indictments resulted in a 15–year sentence.

Meanwhile, the trial date for indictment number 87–CR–720, the first indictment, was reassigned to July 7, 1988. However, on that date this indictment was dismissed on grounds that the grand jury proceeding had not been recorded. By then he had already been reindicted the day before on the same charges pursuant to indictment number 88–CR–1127. On September 27, 1988, the date set for trial, Martin pled guilty under this latest indictment and was sentenced to 20 years. Although the Commonwealth had moved for consecutive sentences under KRS 533.060(3), the motion was denied. This appeal followed.

The Commonwealth argues on appeal that KRS 533.060(3) expressly prohibits concurrent sentencing in the situation at bar:

> When a person commits an offense while awaiting trial for another offense, and is subsequently convicted or enters a plea of guilty to the offense committed while awaiting trial, the sentence imposed for the offense committed while awaiting trial shall not run concurrently with confinement for the offense for which said person is awaiting trial.

The legislative intent expressed by the statute calls for stricter sentencing for offenses committed while released on bail. *Rose v. Commonwealth*, Ky.App., 738 S.W.2d 835 (1987).

Martin argues that the situation is controlled by KRS 532.110(1) and (2):

> (1) When multiple sentences of imprisonment are imposed on a defendant for more than (1) crime, including a crime for which a previous sentence of probation or conditional discharge has been revoked, such multiple sentences shall run concurrently or consecutively as the court shall determine at the time of sentence, except that:
>
> (a) A definite and an indeterminate term shall run concurrently and both sentences shall be satisfied by service of the indeterminate term;

(b) The aggregate of consecutive definite terms shall not exceed one (1) year; and

(c) The aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.-080 for the highest class of crime for which any of the sentences is imposed.

(2) If the court does not specify the manner in which a sentence imposed by it is to run, the sentence shall run concurrently with any other sentence which the defendant must serve.

We disagree. Although the statute relied upon by Martin gives a trial court discretion in the imposition of multiple sentences of imprisonment, KRS 533.060(3) is clearly applicable. Basic rules of statutory construction require that where two statutes are in apparent conflict, their inconsistencies should be reconciled if possible. *Butcher v. Adams,* 310 Ky. 205, 220 S.W.2d 398 (1949). However, where this cannot be done, the one containing express and positive language relating to the particular subject should take precedence over a provision dealing with a matter in general terms. *Morgan County Board of Education v. Elliot,* 260 Ky. 672, 86 S.W.2d 670 (1935). In this case KRS 533.060(3) is not only more specific, tailored to the facts of this case, this is not the first time that the apparent conflict resulted in sentencing under KRS 533.060. *Corbett v. Commonwealth,* Ky., 717 S.W.2d 831 (1986). (Dealing with conflict between KRS 533.060(2) and KRS 532.110(1)(c)). *Riley v. Parke,* Ky., 740 S.W.2d 934 (1987). *Devore v. Commonwealth,* Ky., 662 S.W.2d 829 (1984). (Holding that the General Assembly clearly showed its intent to provide stiff penalties for convicted and paroled felons who commit subsequent felonies while on appeal.)

■ However, in this case Martin's attorney indicated that he desired to withdraw his guilty plea if the court could not or would not impose concurrent sentences. It was indicated that the court had earlier promised concurrent sentences during the guilty plea proceeding. As a result, we hold that fundamental fairness requires that Martin be permitted to withdraw his plea and proceed to trial.

Accordingly, this case is reversed and remanded for proceedings consistent with this opinion.

All concur.