Coleman PORTER, III, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 92–SC–079–MR.

Supreme Court of Kentucky.

Nov. 19, 1992.

Daniel T. Goyette, Jefferson Dist. Public Defender, J. David Niehaus, Deputy Appellate Defender, Louisville, for appellant.

Chris Gorman, Atty. Gen., Laura Early, Asst. Atty. Gen., Criminal Appellate Div., Frankfort, for appellee.

## MEMORANDUM OPINION
## OF THE COURT

Appellant, Coleman Porter, III, entered into a plea agreement with the Commonwealth wherein he pled guilty and accepted a sentence of 25 years upon the charge of first-degree sodomy and five years on the charge of sexual abuse. The sentences were to run consecutively.

The sexual offenses had been committed upon appellant's three-year-old daughter. At the sentencing hearing the trial court, in response to an impassioned plea for mercy from the abused child's mother, imposed a sentence of 20 years imprisonment upon the first-degree sodomy offense and five years on the sexual abuse offense, with the terms to run concurrently.

The appellant requested an alternative sentence and the issue, as now presented, is whether KRS 532.045 prohibits consideration of any form of alternative sentences for a person convicted of sex offenses.

We note that the appellant, although never referring to RCr 11.42, requests the Court to vacate the sentence imposed. The essence of such a request is a motion pursuant to RCr 11.42. By that rule a motion must be filed in the court which originally imposed the sentence. Failure to file in the proper court should result in the motion being transmitted back to that court. RCr 11.42(9). However, the appellant tenders the issue stated herein as an appeal. *Hendrickson v. Commonwealth*, Ky., 450 S.W.2d 234, 255 (1970) provides the effect of a guilty plea is to waive all defenses except that the indictment charged no offense.

We choose to decide this issue as raised to provide guidance to trial judges during the sentencing phase.

Appellant maintains the 1990 enactment of KRS 500.095, an alternative sentencing statute, indicates legislative intent that community service be considered in every case that may be punished by imprisonment. KRS 500.095(1) reads:

In every case in which a person pleads guilty to or is convicted of a crime punishable by imprisonment, the judge shall consider whether the person should be sentenced to a term of community service as an alternative to the prison term. The term of community service shall not be shorter than the length of the prison term nor longer than twice the length of the prison term. Failure to complete the prescribed term of community service shall be deemed a probation violation and shall subject the defendant to serve the prison service originally fixed by the court or the jury.

The appellant contends the preceding statute overrides KRS 532.045.

The relevant sections of KRS 532.045 read as follows:

(1) Notwithstanding other provisions of the applicable law, probation shall not be granted to, nor shall the execution or

imposition of sentence be suspended for, nor shall a finding bring the defendant within the provision of this section be stricken for any of the following persons:

(a) A person convicted of violating of KRS 510.040 to 510.150, 529.030 to 529.050, 529.070, 530.020, 531.310, 531.320, 531.370, or the criminal offense of unlawful transaction with a minor when the minor is induced, assisted or caused to engage in illegal sexual activity, when the act is committed against a minor by the use of force, violence, duress, menace or threat of bodily harm; ...

(h) A person who in committing any of the offenses enumerated in paragraph (a) of this subsection has substantial sexual conduct with a minor under the age of fourteen (14) years; or

(i) A person who occupies a position of special trust and commits an act of substantial sexual conduct. "Position of special trust" means that position occupied by a person in a position of authority who by reason of that position is able to exercise undue influence over the minor. Position of authority includes, but is not limited to, the position occupied by a biological parent, adoptive parent, stepfather, foster parent, relative, household member, adult youth leader, recreational director who is an adult, adult athletic manager, adult coach, teacher, counselor, religious leader, doctor, or employer.

(2) "Substantial sexual conduct" means penetration of the vagina or rectum by the penis of the offender or by any foreign object, oral copulation, or masturbation of either the minor or the offender.

Appellant was convicted of sodomy and sexual abuse pursuant to KRS 510.070 and KRS 510.110. KRS 532.045 explicitly prohibits probation of the sentences under the above convictions.

Appellant maintains the language of KRS 532.045 does not prohibit "community service" as an alternative to imprisonment. The proposed community service is considered to be a form of conditional discharge (KRS 533.010[3]) and is therefore comparable to probation.

Thus, the primary issue in this case is whether the 1990 enactment of KRS 500.095 overrules the sentencing prohibition set for the KRS 532.045 enacted in 1984. We hold it does not.

Under similar facts, the Court of Appeals in *Williams v. Commonwealth*, Ky.App., 829 S.W.2d 942, at 944 (1992), reasoned as follows:

Several principles of statutory construction come in for consideration in resolving this problem. Where a conflict exists between two statutes, the later statute enacted is generally controlling. *Commonwealth v. Hunt*, Ky.App., 619 S.W.2d 733 (1981). This principle standing alone would favor KRS 500.095, which was enacted in 1990. KRS 533.060(1) was enacted in 1976. We also note, however, that where there is conflict between statutes or sections thereof, it is the duty of the court to attempt to harmonize the interpretation so as to give effect to both sections or statutes, if possible. *Ledford v. Faulkner*, Ky., 661 S.W.2d 475 (1983). The court must not interpret a statute so as to bring about an absurd or unreasonable result. *George v. Alcoholic Beverage Control Board*, Ky., 421 S.W.2d 569 (1967). If we agreed with Williams and concluded that KRS 500.095 were controlling, we would make a nullity of KRS 533.060(1).

A similar conflict arose between the provisions of KRS 532.110(1) and (2) and KRS 533.060 in *Commonwealth v. Martin*, Ky.App., 777 S.W.2d 236 (1989). In *Martin*, it was held that the provisions of KRS 533.060(3), requiring consecutive sentencing for an offense occurring while one was awaiting trial for another crime, were more "specific" and "tailored" to the facts, and that those provisions should override the more general provisions of KRS 532.110, which allowed some concurrent or consecutive sentences for conviction of multiple offenses.

In the event two statutory provisions directly conflict, it has been long established the specific provision takes prece-

dence over the general provision. *Morgan County Board of Education v. Elliott,* 260 Ky. 672, 86 S.W.2d 670 (1935).

Appellant was convicted of the very crimes enumerated in KRS 532.045. The legislative intent contributing to this prohibition against probation of sentences pursuant to sexual abuse of a minor mirrors both the legislature's and society's vehement disdain for such acts and the seriousness of the crime. On the other hand, KRS 500.095 is intended to allow the trial judge to create innovative and effective sentencing alternatives. We are called to decide which provision should prevail.

Appellant cites *Brown v. Hoblitzell,* Ky., 307 S.W.2d 739, 744 (1956) on the issue of statutory construction. This case is readily distinguished from the case herein as it deals with interpretation of an ambiguous statute. We find neither of the statutes in question to be ambiguous. Appellant seeks to distinguish the statutory conflict from that presented in *Brown v. Commonwealth,* Ky., 818 S.W.2d 600 (1991) on the grounds KRS 532.045 and 500.095 are recorded in different chapters of the penal code. This reasoning is unpersuasive.

■ In light of differing policies we have chosen to apply strict rules of statutory construction. Therefore, the more specific statute shall govern and the trial judge correctly sentenced appellant under the provisions of KRS 532.045.

The judgment of Jefferson Circuit Court is affirmed.

All concur.