Donald Jackson **RENAKER, Jr.**, Appellant,

v.

**COMMONWEALTH of Kentucky,** Appellee.

No. 93–CA–0100–MR.

Court of Appeals of Kentucky.

July 29, 1994.

Discretionary Review Denied and Case Ordered Published by Supreme Court Dec. 14, 1994.

Harry P. Hellings, Jr., Dean A. Pisacano, Covington, for appellant.

Chris Gorman, Atty. Gen., Gerald Henry, Asst. Atty. Gen., Frankfort, for appellee.

Before COMBS, JOHNSTONE and MILLER, JJ.

JOHNSTONE, Judge.

Donald Jackson Renaker appeals from a Kenton Circuit Court order sentencing him to six years in the penitentiary. We affirm.

Renaker pleaded guilty to 1) trafficking in marijuana over eight ounces, 2) driving under the influence-first offense, and 3) being a second-degree persistent felony offender. Pursuant to a plea bargain, the Commonwealth recommended ten years on the PFO II charge in lieu of a sentence on the marijuana trafficking charge. The court delayed sentencing until a presentence report could be prepared.

At the sentencing hearing, Renaker's attorney requested that Renaker be sentenced to community service rather than prison, according to KRS 500.095. Additionally, he attached letters and a memorandum to support his position, contending that KRS 500.095 and KRS 533.010 controlled the case.

The Commonwealth maintained that Renaker was not eligible for community service because KRS 532.080, the statute under which he was convicted for being a persistent

felony offender, expressly prohibits such sentencing. KRS 532.080(5) expressly states, "A person who is found to be a persistent felony offender in the second degree *shall not be eligible for probation, shock probation, or conditional discharge.*" (Emphasis added). Renaker then argued that community service was not probation, and was not prohibited under KRS 532.080(5). The trial judge agreed with the Commonwealth and sentenced Renaker to six years in prison.

KRS 500.095, included in the General Provisions section of the penal code, provides in pertinent part:

(1) In every case in which a person pleads guilty to or is convicted of a crime punishable by imprisonment, the judge shall consider whether the person should be sentenced to a term of community service as an alternative to the prison term.... Failure to complete the prescribed term of community service shall be deemed a probation violation....

KRS 533.010, in the chapter on Probation and Conditional Discharge, provides in part:

(1) Any person who has been convicted of a crime and who has not been sentenced to death may be sentenced to probation, probation with an alternative sentencing plan, or conditional discharge as provided in this chapter.

(2) Before imposition of a sentence of imprisonment, the court shall consider the possibility of probation, probation with an alternative sentencing plan, or conditional discharge....

(3) When the court deems it in the best interest of the defendant and the public, the court may order the person to work at community service related projects *under the terms and conditions specified in KRS 533.070. Work at community service related projects shall be considered as a form of conditional discharge.* (Emphasis added).

And KRS 533.070(1) provides:

(1) In any case where imprisonment is an authorized penalty *and where imprisonment is not required by the statute relating to the crime committed,* a court

may, as a form of conditional discharge, sentence the defendant to work at community service related projects ... (emphasis added).

■ Renaker argues that KRS 500.095 and KRS 532.080(5) conflict. Consequently, Renaker contends that KRS 500.095, enacted in 1990, controls as the most recently enacted statute.[1] While it is true that this general rule of statutory construction would favor KRS 500.095, the court must not interpret a statute so as to bring about an absurd or unreasonable result. *Williams v. Commonwealth,* Ky.App., 829 S.W.2d 942 (1992).

■ Another rule of statutory construction is that specific provisions of a statute take precedence over general provisions. *Williams,* 829 S.W.2d at 945. *See also Porter v. Commonwealth,* Ky., 841 S.W.2d 166 (1992). The Commonwealth reasons that this rule is the more appropriate under the facts of this case. We agree.

In both *Porter* and *Williams,* the Courts addressed whether KRS 500.095 controlled over earlier-enacted, conflicting statutes requiring imprisonment. The Courts in both cases determined that the statute under which each defendant was convicted was the more specific provision and controlled over the later-enacted KRS 500.095. *See Porter,* 841 S.W.2d at 169; *Williams,* 829 S.W.2d at 945–46. Additionally, the *Williams* Court noted the interaction between KRS 533.010 and KRS 533.070. *See* statutes cited, *supra.* The Court reasoned that the language of KRS 533.070, limiting conditional discharge to cases "where imprisonment is not required by statute," evidenced the legislative intent to continue mandatory imprisonment in specific circumstances. *Williams,* 829 S.W.2d at 946.

Moreover, in *Brown v. Commonwealth,* Ky., 818 S.W.2d 600 (1991), our Supreme Court resolved a conflict between KRS 533.010 and KRS 532.080(7), the PFO I statute. The *Brown* Court held that the mandatory imprisonment language of KRS 532.080(7) precluded probation under an alternative sentencing plan as provided for by

1. KRS 532.080 was enacted in 1982.

KRS 533.010, even though KRS 533.010 was enacted after KRS 532.080(7).

In this case, Renaker was convicted and sentenced under KRS 532.080. KRS 532.080(5) prohibits the imposition of probation, shock probation, or conditional discharge in lieu of imprisonment. KRS 500.095(1) likens community service to probation, while KRS 533.010(3) states that community service shall be considered as a form of conditional discharge. We concur with the reasoning in *Williams* that if we concluded KRS 500.095 or 533.010 to be controlling, we would make a nullity out of KRS 532.080(5).

*Williams*, 829 S.W.2d at 945. We believe that to be an absurd result. Consequently, we affirm the order of the Kenton Circuit Court.

All concur.