Donald MITCHELL, Appellant,

v.

KENTUCKY FARM BUREAU MUTUAL
INSURANCE COMPANY, Appellee.

No. 95–SC–465–DG.

Supreme Court of Kentucky.

May 23, 1996.

Richard M. Breen, Louisville, for appellant.

Henry V. Sanders, Louisville, for appellee.

William J. Kathman, Jr., Florence, E. Andre Busald, Florence, amicus curiae, Kentucky Academy of Trial Lawyers.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which reversed and remanded a declaratory judgment of $50,000 against the insurance company.

The issue presented is who was the owner of the vehicle in question for the purposes of insurance coverage at the time of the accident.

On July 4, 1990, Doris Wathen sold a 1975 AMC Matador automobile to Neal Guyton. The first installment of the $700 sales price was not due until July 25, 1990. The seller completed and notarized the assignment of title section and the odometer mileage statement on the back of her Certificate of Title and gave it to Guyton along with possession of the automobile. However, she did not fill out an application for title/registration on a vehicle transfer record (VTR form). Two days later, Guyton, who had not applied for a new certificate of title or filed a VTR with the county clerk, or procured insurance for the automobile, struck a motorcycle on which Mitchell was a passenger. Mitchell obtained a default judgment in the amount of $117,000 against Guyton. Guyton then sued Farm Bureau who held the insurance for Wathen for $50,000 liability coverage under her policy. The trial judge ruled in favor of Mitchell holding that Wathen was the owner of the automobile and that Guyton was a permissive user. The Court of Appeals reversed and this Court accepted discretionary review.

The transaction between Wathen and Guyton was between two private individuals. Mitchell alleges that under the sales agreement between the two, the car was to be returned to Wathen with no refunds if Guyton did not make the payments. Wathen provided Guyton with proof of insurance but did not sign or deliver a VTR. It is undisputed that Guyton had Wathen's permission to drive the vehicle.

The Court of Appeals held that a sale occurred when Wathen signed the back of her title and delivered it to Guyton. The Court also determined that KRS 186A.215 did not require a VTR for every motor vehicle transferred. The Court of Appeals admitted that this type of case demonstrated that it is possible for uninsured vehicles to be operated for extended periods of time despite the public policy expressed in KRS 304.39–010(1) and KRS 190.033.

█ KRS Chapter 186A had the effect of changing the law of Kentucky from an equitable title state to a certificate of title state for the purposes of ownership of a motor vehicle for liability insurance requirements. The general law of sales is no longer applicable to such a transaction because of the specific statutes. *Potts v. Draper*, Ky., 864 S.W.2d 896 (1993). The principal issue in *Potts, supra*, was the question of ownership

of the vehicle at the time of the accident and the liability insurance coverage. In *Potts* we unanimously held that Kentucky is a certificate of title state for the purposes of determining ownership of a motor vehicle and requiring liability insurance coverage. There were no exceptions.

The *Potts* opinion also held that the various statutes in this field are designed to provide a system of registering titles and establishing formalities necessary in order to transfer title to an automobile. We held that such formalities must be followed. This Court held that the original intention of the statute must be supported in order to insure that the public will be protected from uninsured motorists. The decision of the Court of Appeals in this case is at total variance with the statute and the *Potts* decision of this Court. Therefore, we reverse.

■■■ The Court of Appeals discussed an alleged gap from the time a seller signs the title before a notary and delivers the automobile, along with the title, to the buyer. According to the Court of Appeals, this terminates the ownership interest in the seller and releases the coverage of the seller from any losses involving the automobile. They believed this gap continues until the buyer sees fit to procure insurance on the automobile and register it with the county clerk. We disagree. Such a rationale is totally inconsistent with the decisions of this Court as found in *Potts* and *Rogers v. Wheeler*, Ky., 864 S.W.2d 892 (1993). Record title in the state system remains intact until a new owner is recorded. The risk of loss and the responsibility for insurance coverage remains with the record titleholder.

The vehicle transfer record (VTR) is a statutorily required form. KRS 186A.060 provides that the form shall be used by all applicable parties in connection with the registration or titling of a vehicle in this state. This statute was first enacted in 1982, and it has not been materially changed since that time. The purpose of the statute is to direct the Department of Motor Vehicle Regulation in cooperation with individual county clerks, automobile dealers, the Revenue Cabinet, the Department of Insurance and the State Police to develop a combined VTR for recording all information pertinent to the transfer or registration or title of a vehicle. The VTR form is a critical element in the transaction which arises when an automobile is sold or title is transferred.

Since the adoption in 1975 of the Motor Vehicle Reparations Act, Kentucky has been a compulsory insurance state. This Court has recognized the strong public policy to interpret insurance policies so as to provide coverage to accident victims. *Kentucky Farm Bureau v. McKinney*, Ky., 831 S.W.2d 164 (1992). The statutes already in force, when properly read together, can properly protect the public from uninsured motor vehicles. KRS 186A.215 sets out the procedure to transfer vehicle ownership. There is no question that such a transfer requires that the legal paper work be delivered to the county clerk. Not only must the seller deliver the paperwork, but the seller must see to it that the paperwork gets to the clerk. Title does not transfer until the necessary documents are presented to the county clerk as required by KRS 186A.215(3). KRS 304.39–010 requires owners, registrants and operators of motor vehicles to obtain insurance.

■■■ The potential gap created by the Court of Appeals in regard to coverage anytime the buyer fails to procure insurance is an illusion. At a minimum the seller remains the registrant contemplated in KRS 304.39–010 until the title papers are delivered to the clerk. The coverage of the seller applies until the paper work arrives at the office of the clerk. The seller retains an insurable interest in the vehicle because the seller is still the registrant. The clerk will not accept the documents unless there is proof of insurance. There is simply no gap in record title even in the technical sense. Although the statute does not place a burden on either the buyer or the seller, common sense would indicate that the seller would assume this responsibility because their liability continues until it is transferred to the purchaser.

KRS 186A.215(4) has been misinterpreted to place the burden of Subsection 3 solely on the buyer. A seller who fails to make sure that the documents arrive at the clerk's office does so at his own peril.

KRS 186.190(2) requires that a person shall not purchase, sell or trade any motor vehicle without delivering to the county clerk the current registration receipt issued on a motor vehicle and the bill of sale. The clerk will not accept these documents without a certificate of insurance.

█ As we noted in *Nantz and Smith v. Lexington Lincoln Mercury Subaru*, 95–SC–455–DG, rendered April 25, 1996, Ky., —— S.W.2d ——, 1996 WL 277917 (1996), in determining whether conflict exists between statutes, the fundamental rules of statutory construction must be employed by the court so as to produce a practical result. The principal rule of statutory construction is that the applicability and scope of a statute may be determined by ascertaining the intent and purpose of the legislature and by considering the evil which the law is intended to remedy as well as other prior and contemporaneous facts and circumstances which shed intelligible light on the intention of the General Assembly. In enacting any law, the legislature is presumed to take cognizance of the existing statutes and condition of the law so that when the statute under consideration is ambiguous, the new enactment is to be construed in connection and in harmony with the existing law as a part of the general and uniform system of jurisprudence. Apparent conflicts or repugnancies between statutes on the same general subject enacted at different times should be reconciled in light of the existing statutes and constitution. Only if the statutes cannot be reconciled will the later statute control. *Cf. Brown v. Hoblitzell*, Ky., 307 S.W.2d 739, 744 (1956). *See also Commonwealth v. Hunt*, Ky.App., 619 S.W.2d 733 (1981); *Morgan v. Elliott*, 260 Ky. 672, 86 S.W.2d 670 (1935).

█ When the statutes are read together with the state titling law and the compulsory insurance statute, there is no question that the seller as well as the buyer has the duty to see that delivery of the documents to the county clerk occurs. Unless such documents are properly delivered to the clerk and filed, the seller remains the owner as well as the registrant for the purposes of liability insurance.

█ It is the holding of this Court that all sellers and buyers of motor vehicles, including such transactions between private individuals, must take the required statutory steps to properly complete the sale of a motor vehicle. Until such steps required by the statute are completed by the seller, the seller is considered the owner of the automobile for the purpose of liability insurance coverage. This includes the filing of a vehicle transaction record form with the appropriate county clerk. The issuance of a Certificate of Title form by the Department of Motor Vehicles does not affect the risk of loss for insurance coverage because it is only a ministerial action.

The decision of the Court of Appeals is reversed and the judgment of the circuit court is reinstated.

KING, LAMBERT and STUMBO, JJ., concur.

STEPHENS, C.J., dissents by separate opinion in which GRAVES, J., joins.

BAKER, J., not sitting.

STEPHENS, Chief Justice, dissenting.

Respectfully, I must dissent.

The majority opinion places a burden on the seller, both private and commercial, that is not found in the statutes governing the sale of automobiles. In this case, the seller did everything that was required by KRS Chapter 186A. It is fundamentally unfair to place the risk of loss on a seller who complied with all the statutory requirements in completing the transaction.

GRAVES, J., joins this dissenting opinion.