Darrell K. ADAMS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Nos. 1999–CA–001094–MR, 1999–CA–001215–MR.

Court of Appeals of Kentucky.

July 14, 2000.

G. Scott Hayworth, Lexington, for Appellant.

A.B. Chandler, III, Attorney General, Perry T. Ryan, Assistant Attorney General, Frankfort, for Appellee.

Before: COMBS, HUDDLESTON, and SCHRODER, Judges.

## OPINION

SCHRODER, Judge:

These are two appeals from two judgments of conviction wherein the court determined that appellant was ineligible for probation under KRS 533.060(2) because the offenses were committed while appellant was on parole from a prior felony conviction. Appellant argues that regardless of the fact that he committed the offenses while on parole from a prior felony, he was eligible for probation under KRS 532.080(5) and KRS 533.030(7) because the present offenses were all Class D nonviolent felonies. We hold that KRS 532.080(5) and KRS 533.030(7) control over

KRS 533.060(2) and, thus, appellant was eligible for probation as to two of the offenses and the PFO II conviction. Hence, we vacate the judgment and remand for re-sentencing as to those offenses. As to the DUI 4th conviction, appellant was eligible for probation as to part of his sentence under KRS 189A.010(7). Hence, we likewise vacate the sentence on the DUI 4th offense and remand for re-sentencing thereon.

It is undisputed that appellant, Darrell Adams, was on parole from a prior felony conviction when on February 3, 1997, he committed the offenses of driving under influence, fourth offense (DUI 4th), and operating a motor vehicle on a suspended license due to a DUI 3rd offense. When Adams failed to appear for trial and while he was still on parole from his previous conviction, he was additionally charged with bail jumping in the first degree and PFO II. On February 19, 1999, Adams pled guilty to DUI 4th (a Class D felony), operating a motor vehicle on a suspended license (a Class D felony), and PFO II. On April 23, 1999, Adams pled guilty to bail jumping in the first degree (a Class D felony). On April 28, 1999, the court entered its final judgment sentencing Adams to one year on the DUI 4th offense and one year on the operating a motor vehicle on a suspended license offense—enhanced to five years because of the PFO II offense, for a total of six (6) years' imprisonment. In the judgment, the court specifically stated, "Defendant is statutorily ineligible for probation pursuant to [KRS] 533.060." On that same date, the court entered a separate final judgment on the first-degree bail jumping conviction, sentencing Adams to one year in prison. In that judgment, the court also stated, "Defendant is statutorily ineligible for probation pursuant to [KRS] 533.060." From the court's refusal to consider probation in these judgments, Adams now appeals.

■ Contrary to the Commonwealth's contention that the issue was unpreserved, Adams's attorney requested probation at the sentencing hearing and filed a memorandum in support thereof. Adams argues that under KRS 532.080(5), he was eligible for probation on the charges of operating a motor vehicle on a suspended license and PFO II. KRS 532.080(5) provides as follows:

A person who is found to be a persistent felony offender in the second degree shall be sentenced to an indeterminate term of imprisonment pursuant to the sentencing provisions of KRS 532.060(2) for the next highest degree than the offense for which convicted. *A person who is found to be a persistent felony offender in the second degree shall not be eligible for probation, shock probation, or conditional discharge, unless all offenses for which the person stands convicted are Class D felony offenses which do not involve a violent act against a person, in which case probation, shock probation, or conditional discharge may be granted.* A violent offender who is found to be a persistent felony offender in the second degree shall not be eligible for parole except as provided in KRS 439.3401. (emphasis added).

Adams maintains that he was eligible for probation on the first-degree bail jumping and DUI 4th charges under KRS 533.030(7) which provides in pertinent part:

Any prohibitions against probation, shock probation, or conditional discharge under KRS 533.060(2) or 532.045 shall not apply to persons convicted of a misdemeanor or Class D felony and sentenced to a period of confinement or home incarceration under this section.

The court took the position that despite the language in the above statutes, Adams was nevertheless ineligible for probation under KRS 533.060(2) which provides as follows:

When a person has been convicted of a felony and is committed to a correctional detention facility and released on parole or has been released by the court on probation, shock probation, or conditional discharge, and is convicted or enters a plea of guilty to a felony committed while on parole, probation, shock probation, or conditional discharge, the person shall not be eligible for probation, shock probation, or conditional discharge and the period of confinement for that felony shall not run concurrently with any other sentence.

Several cases have held that KRS 533.060 controls over other conflicting statutes regarding probation or sentencing. *Brewer v. Commonwealth,* Ky., 922 S.W.2d 380 (1996); *Hughes v. Commonwealth,* Ky., 875 S.W.2d 99 (1994); *Williams v. Commonwealth,* Ky.App., 829 S.W.2d 942 (1992); *Commonwealth v. Martin,* Ky. App., 777 S.W.2d 236 (1989). The primary basis of the Courts' decisions in those cases was that KRS 533.060 was the more specific statute and, under the rules of statutory construction, specific statutes govern over more general statutes. *Hughes,* 875 S.W.2d 99; *Williams,* 829 S.W.2d 942; *Martin,* 777 S.W.2d 236; *Morgan County Board of Education v. Elliott,* 260 Ky. 672, 86 S.W.2d 670 (1935). The Courts reasoned that since KRS 533.060 specifically addressed felonies committed while on parole, probation, awaiting trial, or with a firearm, its provisions forbidding probation or concurrent sentencing governed over the more general probation and sentencing statutes which otherwise would have allowed for probation or concurrent sentencing. *Hughes,*

875 S.W.2d at 100–101; *Martin,* 777 S.W.2d at 238.

■ However, from our reading of KRS 532.080(5) and KRS 533.060(2), we do not believe that KRS 533.060(2) is more specific than KRS 532.080 as to the conflicting matter in the present case. While KRS 533.060(2) specifically addresses felonies committed while on parole, etc., KRS 532.080 necessarily considers that the felony could have been committed while on parole since that is one of the elements of PFO II. KRS 532.080(2)(c)2. As to the alleged conflict between KRS 533.060(2) and KRS 533.030(7), there is no question that the legislature was aware of KRS 533.060(2) in enacting KRS 533.030(7) since the latter statute specifically makes reference to and exempts Class D felons from the prohibitions against probation in KRS 533.060(2). *See Bogard v. Commonwealth,* Ky.App., 687 S.W.2d 533 (1984).

Courts have also recognized that in enacting KRS 533.060, the Legislature demonstrated its intent to "provide stiff penalties for convicted and paroled felons who commit subsequent felonies on parole." *Devore v. Commonwealth,* Ky., 662 S.W.2d 829, 831 (1984), *cert. denied,* 469 U.S. 836, 105 S.Ct. 132, 83 L.Ed.2d 72 (1984); *see also Sutherland v. Commonwealth,* Ky., 910 S.W.2d 235 (1995) and *Martin,* 777 S.W.2d at 238. It appears, however, that the Legislature has more recently demonstrated its intent to reduce prison overcrowding by its amendments to KRS 532.080, which allow probation for PFO I and PFO II offenders when the felonies are Class D nonviolent felonies, and KRS 533.030, which exempts Class D felons from the prohibitions against probation in KRS 533.060(2) and KRS 532.045. KRS 532.080(5) and (7); KRS 533.030(7); *see also* KRS 532.210 (home incarceration of Class D felons); *Commonwealth v. Meyers,* Ky.App., 8 S.W.3d 58, 61 (1999). It

must be noted that those amendments to KRS 532.080(5) and (7) were enacted eighteen (18) years after KRS 533.060(2) was enacted[1], and the amendment to KRS 533.030(7) was enacted ten (10) years thereafter. In *Brewer v. Commonwealth,* Ky., 922 S.W.2d 380 (1996), the Court held that where the statutes could not be reconciled, KRS 533.060(2) controlled over KRS 533.040(3) because it was the most recently enacted of the two statutes. *See also Commonwealth v. Schindler,* Ky., 685 S.W.2d 544 (1984). In viewing the two statutes in conflict with KRS 533.060(2), we do not believe they can be reconciled. Hence, we believe that KRS 532.080(5) and KRS 533.030(7) control over KRS 533.060(2) as to eligibility for probation for Class D (nonviolent—in the case of a PFO I or II) felons who commit the felonies while on parole, probation, etc. Accordingly, the trial court erred in ruling as a matter of law that Adams was ineligible for probation on the charges of operating a motor vehicle on a suspended license, PFO II, and first-degree bail jumping. Thus, we must remand for re-sentencing on these offenses in light of this ruling.

■ As to the DUI 4th conviction, the court also erred in adjudging that KRS 533.060(2) precluded consideration for probation. Chapter 189A has its own provisions regarding probation for DUI offenses in KRS 189A.010. Thus, the DUI statute is the more specific statute and is controlling here.

KRS 189A.010(4)(d) designates a fourth or subsequent offense DUI a Class D felony which, under KRS 532.060(d), requires a sentence of 1–5 years. KRS 189A.010(7) provides in pertinent part:

For a fourth or subsequent offense under this section, the minimum term of imprisonment shall be one hundred twenty (120) days, and this term shall not be suspended, probated, or subject to conditional discharge or other form of early release.

Although the minimum sentence for DUI 4th is one year, under KRS 189A.010(7), the court can nevertheless probate all but 120 days of the sentence, since that is the "minimum term of imprisonment" which cannot be probated. Thus, in the instant case, Adams was eligible for probation as to 245 days of his one-year sentence. KRS 533.010(2) provides that the court shall consider probation, probation with an alternative sentencing plan, or conditional discharge before imposition of a sentence of imprisonment. Accordingly, we vacate the sentence on the DUI 4th offense and remand for the court to consider probation on that offense.

For the reasons stated above, the judgment of the Fayette Circuit Court is vacated and this case is remanded for further proceedings consistent with this opinion.

ALL CONCUR.

---

1. KRS 532.080(7), allowing probation for PFO I Class D felons, was first amended in 1994. While KRS 532.080(5), allowing probation for PFO II nonviolent Class D felons, was not actually amended until 1998, this Court adjudged on constitutional grounds that PFO II Class D felons retroactively had the same right to probation as the PFO I felons. *Commonwealth v. Meyers,* Ky.App., 8 S.W.3d 58 (1999).