Lisa Ann THOMPSON, Appellant,

v.

Paul Richard THOMPSON, Appellee.

No. 2004–SC–000062–DG.

Supreme Court of Kentucky.

Sept. 22, 2005.

Arnold Scott Coburn, Grayson, Counsel for Appellant.

Robert W. Miller, Grayson, Counsel for Appellee.

Opinion of the Court by Chief Justice, LAMBERT.

This case arises from a dispute concerning the amount of child support owed by Appellee, Paul Richard Thompson, for the period of December 1999 through August 2000. His two children were in the custody of their mother, Paul's now former wife, Lisa Ann Thompson (now McCleese), during this period. Two orders, each issued by a different court, are alleged to govern Paul's child support obligation during this period. Lisa contends that an order of the Carter *District* Court governs the obligation, while Paul contends that an order of the Carter *Circuit* Court is controlling. Consequently, we must thoroughly review the convoluted procedural history of this case.

Paul filed a petition for dissolution of the marriage on December 1, 1999,[1] in Carter Circuit Court. On December 10, 1999, Lisa obtained a domestic violence order (DVO) against Paul in Carter District Court. The DVO awarded Lisa temporary custody of the two minor children and a temporary support order requiring Paul to pay child support in the amount of $500.00 per week. Thereafter, on June 12, 2000, the district court purported to set aside its child support order and "sent" the matter to the circuit court where the dissolution of marriage case was pending.[2] The circuit court rendered a dissolution decree on July 28, 2000, but reserved jurisdiction to calculate and order child support after receiving evidence of the parties' incomes.

On August 14, 2000, Lisa made a motion for the circuit court to set final child support. The Domestic Relations Commissioner (DRC) heard the motion on August 28, 2000, and apparently recommended child support at $568.00 per month. We cannot discern the exact terms of the recommendation because it is not a part of the record. Rather, our only evidence of the recommendation is a subsequent recommendation by the DRC which refers to the hearing and prior recommendation. Nonetheless, the parties in various court filings have agreed that August 28, 2000, is the end of the time period in which support is disputed. On February 20, 2001, Lisa filed another motion to set child support, and on April 27, 2001, she moved to increase child support retroactive to August 28, 2000.

By order dated June 8, 2001, the circuit court confirmed recommendations made by the DRC on May 9, 2001, validating the

---

1. These parties assert in their briefs to this Court that the petition was filed on December 13. However, the case history and the petition reveal that the date of filing was actually December 1, 1999. The summons shows issuance by the clerk on December 1, 1999, and return by the sheriff on January 17, 2000, unserved due to inability to locate Lisa.

2. Ironically, neither party acknowledges, in brief, this order of the District Court. This order states as follows: "Upon motion of the Respondent, it is hereby ordered and adjudged that all matters concerning child support heretofore entered are set aside and the child support question shall be, and the same hereby is, sent to the Circuit Court in action no. 99–CI–00354, being a dissolution of marriage proceeding pending between the parties. IT IS SO ORDERED this 12 day of June, 2000."

district court order of $500.00 per week for temporary child support, and setting support at $568.00 per month for the period thereafter. However, upon Paul's motion on August 14, 2001, the circuit court vacated its June 8, 2001, order because Paul had not received proper notice of the proceeding. Upon the parties' agreement, child support was set at $568.00 per month from August 2000 until changed by the court, and the case remanded to the DRC for a hearing, *inter alia*, on the issue of "support for the period of December 1999 through August 28, 2000."

On May 15, 2002, after a hearing, the DRC recommended the amount of child support at $822.24 per month, retroactive to December 1999. Thus, while the recommendation reflected a decrease from the $500.00 per week amount that Lisa claimed during the relevant period, it also reflected an increase for the period thereafter.

On May 30, 2002, Lisa filed exceptions to the DRC's recommendations. On June 17, 2002, the circuit court overruled the exceptions and on June 19, 2002, the circuit court entered a final judgment denying Lisa's exceptions and incorporating the DRC's recommendations into the final judgment, setting child support at $822.24 per month retroactive to December 1999. It is this judgment from which Lisa appealed.

The Court of Appeals affirmed the circuit court. As with the parties, the Court of Appeals incorrectly recited the date the divorce petition was filed. It relied on KRS 403.160 but failed to take account of KRS 403.213. In effect, the Court of Appeals' view disregarded the December 1999 DVO which provided for temporary child support.

■ Lisa contends that the circuit court lacked jurisdiction to retroactively modify child support. According to her view, the

district court child support order would remain in effect until one of the parties, Lisa or Paul, moved the circuit court to set child support. She relied on KRS 403.213 which states in pertinent part:

> The provisions of any decree respecting child support may be modified only as to installments accruing subsequent to the filing of the motion for modification and only upon a showing of a material change in circumstances that is substantial and continuing.

However, at the time of her motion, the district court had already granted and then set aside its temporary child support order and further ordered that "the child support question shall be, and the same hereby is, sent to the circuit court in action no. 99–CI–00354, being a dissolution of marriage proceeding pending between the parties."

To summarize the relevant facts, after Paul's divorce petition was filed, but prior to service of process, Lisa obtained a district court custody and support order in conjunction with a domestic violence proceeding. Neither party took any action on the case for several months, but on June 12, 2000, pursuant to Paul's motion, the district court purported to vacate its support order and send the case to circuit court. Thereafter, in August 2000, Lisa moved the circuit court to set child support and this was ultimately, albeit not expeditiously, accomplished. Moreover, the final circuit court judgment relative to child support purported to vacate the district court support order. Thus, we have a district court support order arising out of a domestic violence proceeding that was subsequently vacated by the district court and that was also subsequently vacated, expressly or by implication, by the circuit court when it set child support from December 1999.

From these facts the issue that emerges is whether a child support order rendered by a district court, ancillary to a domestic violence proceeding, may be retroactively modified by the rendering court or by a circuit court in a dissolution proceeding. In other words, was the district court order of December 1999 subject to subsequent eradication, and elimination of the accumulation of child support at $500.00 per week from December 1999 until June 12, 2000?

KRS 403.750(1)(e) and (f) provide that a district court may award temporary custody and temporary child support ancillary to a domestic violence protection proceeding. KRS 403.750(1)(f) incorporates the criteria of KRS 403.213. The reason for these statutes would appear obvious. Where parties are restrained from contact with one another due to domestic violence, it is necessary that one party have custody and receive support for the children during the effective period of the domestic violence order. Moreover, the Cabinet for Health and Family Services is often a party in interest as an "agency substantially contributing to the support of the child." [3] Of course, the Cabinet is entitled to reimbursement to the extent that child support equals or exceeds the amount it contributes.[4] Thus, it appears that the December 1999 order concerning custody and child support was a lawful order.

■ We recognize that KRS 403.160(6) allows a temporary order to be revoked or modified before final decree. Notwithstanding, KRS 403.213(1), incorporated in KRS 403.750(1)(f), provides that "the provisions of any decree respecting child support may be modified only as to installments accruing subsequent to the filing of the motion for modification . . . ." Where two conflicting statutory provisions cannot be reconciled, the one containing "express and positive language relating to the particular subject should take precedence over a provision dealing with a matter in general terms."[5] Thus, as we have often held, child support orders may not be retroactively modified and the statutes permit no departure from this rule for child support orders entered in a domestic violence proceeding. Accordingly, as with other child support orders, when each weekly installment payment of $500 became due pursuant to the December 1999 district court order, that installment became a fixed, liquidated debt, not subject to retroactive modification.[6]

By their very nature, child support payments are exigent. Such payments cannot be indefinitely postponed while parties litigate. If a subsequent court order retroactively cancels a child support debt, parties would be encouraged to refrain from payment in the hope of obtaining relief subsequently. Moreover, a party aggrieved by a district court child support order may seek relief by a motion in circuit court for an order of support. Thus, Paul or Lisa, if dissatisfied with the district court order, could have gone to circuit court seeking an order of support that would apply thereafter. Their failure to seek such relief suggests, at a minimum, acquiescence or waiver of complaint.

This case well illustrates the desirability of having all matters relating to a family's domestic conflicts handled by the same court. This case began in circuit court,

3. KRS 403.211(1).

4. KRS 205.780.

5. *Commonwealth v. Martin,* 777 S.W.2d 236, 238 (Ky.App.1989) (quoting *Morgan County*

*Board of Education v. Elliott,* 260 Ky. 672, 86 S.W.2d 670 (1935)).

6. *Pursley v. Pursley,* 144 S.W.3d 820 (Ky. 2004).

orders were entered in district court, hearings were held before commissioners in circuit court, and orders and judgments were rendered by the circuit court. The complex, contradictory nature of this proceeding would likely have been eliminated if a single judge presiding over both the district court and circuit court elements of the case had conducted all proceedings as is done in family court.

For the foregoing reasons, the opinion of the Court of Appeals is reversed and this cause is remanded to the circuit court for entry of orders consistent herewith.

COOPER, GRAVES, and ROACH, JJ., concur.

JOHNSTONE, J., dissents by separate opinion in which SCOTT and WINTERSHEIMER, JJ., join.

JOHNSTONE, Justice, dissenting.

While I do not disagree with the majority's procedural analysis, I think the opinion misses the point. The issue is not which court had the authority to modify the child support ordered from December 1999 to August 2000, but whether the parties agreed that the Carter Circuit Court should resolve the matter of the child support in question. The answer to that inquiry lies in the Order entered August 15, 2001, which provides:

This matter having come before the Court upon a motion to alter, amend or vacate filed by the Respondent; and the Court having reviewed the motion and the file herein, does hereby find that the Respondent, Paul Thompson, was without counsel at the time of the hearing scheduled by the Domestic Relations Commissioner, and that prior counsel had made a motion to withdraw, and Respondent was afforded thirty days to obtain new counsel, and therefore, does **SUSTAIN** said motion, and does hereby vacate the order entered herein on June 8, 2001.

The Court hereby **ORDERS**, upon agreement of the parties hereto, that child support shall be paid by the Respondent to the Petitioner in the sum of $568.00 per month from August 28, 2000 until changed by orders of this Court.

The Court further **ORDERS** that this case be **remanded to the Domestic Relations Commissioner for hearing on the issue of child support for the period of December 1999 through August 28, 2000, for any increases from August 28, 2000, and for any and all other issues involved herein.**

(Emphasis added).

The above Order was signed by the circuit judge, and counsel for both parties certified that they had "Seen and Agreed to" the Order. It is clear that, by agreement, the terms of the Order provided that Paul was to pay no less than $568.00 per month from August 28, 2000, and that the matter was to be remanded to the domestic relations commissioner for a determination of the proper amount of child support for the disputed period of December 1999 through August 2000.

Ironically, Lisa does not challenge the circuit court's jurisdiction to increase the amount of child support from August 2000 (which it did), but takes issue with the court's authority to modify support during the period in which the decision was not in her favor (December 1999 through August 2000). In my opinion, the issue in this case is resolved by Lisa's own agreement. I would affirm the Court of Appeals.

SCOTT and WINTERSHEIMER, JJ., join this dissenting opinion.