WRIGHT, J., DISSENTING: I respectfully, dissent from the majority’s interpretation of KRS 441.025(1), The statute reads: “[t]he .fiscal court of each county shall provide for the incarceration of prisoners arrested in the county or sentenced or held by order of the courts in the county.” I point out that, in construing a statute, “[w]e presume that the General Assembly intended for the statute to be construed as a whole, for all of its parts to have meaning, and for it to harmonize with related statutes.” Shawnee Telecom Res., Inc. v. Brown, 354 S.W.3d 542, 551 (Ky. 2011) (citing Hall v. Hospitality Resources, Inc., 276 S.W.3d 775 (Ky. 2008); Lewis v. Jackson Energy Cooperative Corporation, 189 S.W.3d 87 (Ky. 2005)). Appellant, Big Sandy Regional Jail Authority, argues that if the arresting county is responsible for the cost of incarceration regardless of the county from which the charges or warrant originated, then the latter clause of the sentence is meaningless. The majority disputes this interpretation and lists a number of circumstances in which a county other than the arresting county would be responsible for the cost of incarceration. A closer examination of éach of the circumstances listed by the majority is necessary for this analysis. First, the majority points to postconviction prisoners sentenced by order of a county’s courts. In this instance, a prisoner would have to be in the same county as the court handing down the sentence. If the sentence is for a felony conviction, then the state is responsible for the cost of post-judgment incarceration. If the sentence is for a misdemeanor, then the sentencing court would order the prisoner to be incarcerated in the jail of the county where the court is located and in which the- crime occurred. The next instance listed in the majority’s opinion involves prisoners held by court order for probation violations. The court hearing an alleged probation violation and ordering a revocation would be the sentencing court. The court would order the prisoner incarcerated in the county jail. The state would be. responsible for felony prisoners and the county - in which the court was located and in which the crime occurred would be responsible for misdemeanor prisoners. The majority opinion also listed prisoners held for contempt violations as a possible example of a circumstance in which a county other than the arresting county could potentially be responsible for housing prisoners. Anyone sentenced for a contempt violation would be sentenced by the court in which the contempt occurred. Therefore, the court would order the prisoner incarcerated in the jail of the county in which the court was located and the contempt occurred. The final circumstance listed by the majority is what occurred in the present case. In this scenario, an inmate is held pre-conviction by order of the court pending trial. The prisoners in the current case were arrested on warrants from Fayette County courts. The warrants were orders from Fayette County courts to arrest person accused of violating the law in Fayette County and to bring them before the courts in Fayette County. KRS 441.025 (1) states: “the fiscal court of each county shall provide for the incarceration of prisoners .., held by order of the courts in the county.” The inmates here Were held pursuant to orders from courts , located in Fayette County, where the crimes occurred. The officers in the counties served by .the jail lacked the legal authority to arrest the prisoners without the orders to arrest from Fayette County. The statute is clear that the county responsible for the, incarceration is the one in which the court that ordered the incarceration is located.. The court located in the county in which' the crime occurred is the court that would have the case and the court that would be ordering the prisoner held. “[I]t has been long established the specific provision takes precedence over the general provision.” Porter v. Commonwealth, 841 S.W.2d 166, 168-69 (Ky. 1992) (citing Morgan County Board of Education v. Elliott, 260 Ky. 672, 86 S.W.2d 670 (1935)). The first portion of KRS 441.025(1) provides that each county will be responsible for the incarceration of prisoners arrested in the county. The second portion provides that the county will be responsible for prisoners held by orders of the courts in the county. If a person is arrested pursuant to a warrant from Fay-ette County, then he is being held by order of the courts in Fayette County. Therefore, the more specific provision that a county is responsible for prisoners held by orders of the courts of the county controls — and Fayette County would be responsible for prisoners arrested pursuant to orders of the courts of Fayette County. Pursuant to KRS 431.005(1), an officer may arrest a person if they observe the crime being committed, have sufficient probable cause of a felony committed in their jurisdiction, or are ordered tó do so by order of a court. If the arrest occurs because the officer observed the crime being committed or had sufficient probable cause evidence of a felony committed in the, officer’s jurisdiction, then the crime occurred in the county that incarcerated the prisoner. In short, an officer makes an arrest either for crimes that occur in his county or pursuant to court order. The majority states that “[t]he General Assembly did not mandate that counties reimburse each other for the cost of housing prisoners held by order or judgment of another County.” I must respectfully disagree. The statute specifically states which counties shall provide for the incarceration of. prisoners. It is not for this court to second-guess, alter or revise the responsibility provided by the legislature. The fact that the legislature did not specify how and when one county would reimburse another does not change the fact that it specified who was responsible to provide for the incarceration. The language of the statute is clear and its meaning is plain. Each circumstance described in the statute places the responsibility for incarceration on the county in which the crime occurred and whose courts have the case. For those reasons, I dissent from the majority and would reverse and remand.